# UNITED STATES DISTRICT COURT
## FIRST DISTRICT OF THE
## COMMONWEALTH OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2017 DEC 8  PM 4: 30
U.S. DISTRICT COURT
DISTRICT OF MASS.

LARRY LePAGE, TRUSTEE & PRO SE;

641 BEACH STREET TRUST;

643 BEACH TRUST;

6 & 8 NAHANT TRUST;

640 BEACH STREET TRUST;

SCHEDULE IX TRUST BENEFICIARIES,
(a.k.a. "Litigating Interest in Trust");
PROTECTED CLASS OF MASSACHUSETTS
CONSUMER-HOMEOWNERS.
(If found to exist in Law) ;
PLAINTIFFS

v.

GREEN TREE SERVICING LLC
IT'S SUCCESSORS & ASSIGNS;

DITECH MORTGAGE CORP.;

'DiTECH MORTGAGE CORP.
f/k/a GREEN TREE SERVICING LLC';

GREEN TREE AND ASSOCIATES;

HARMON LAW OFFICES, P.C.
And IT'S SUCCESSORS & ASSIGNS;

HARMON LAW & ASSOCIATES;

CITIMORTGAGE INC.
And IT'S SUCCESSORS & ASSIGNS;

HSBC BANK USA, et al. a.k.a. HARMON LAW.

DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. _____

MASSACHUSETTS CONSUMER
**COMPLAINT FOR PERMANENT
& IMMEDIATE INJUNCTIVE
AND OTHER RELIEF,**
*regarding,*
**VIOLATIONS OF § IV**
*of the*
**STIPULATED ORDER FOR
PERMANENT INJUNCTION**
*issuing forth from,*
DISTRICT OF MINNESOTA
CIVIL ACTION NO.15-2064 (SRN-JSM)
*on the case prosecuted as,*
FEDERAL TRADE COMMISSION &
THE CONSUMER FINANCIAL
PROTECTION BUREAU
v.
GREEN TREE SERVICING LLC

**PLAINTIFFS' COMPLAINT
FOR CIVIL DAMAGES &
IMMEDIATE INJUNCTIVE RELIEF**
ON VIOLATION OF INJUNCTION
& ORDER, SET ON RECORD

PRAYER'S FOR RELIEF
ARE URGENT

**TIME IS OF THE
OF THE ESSENCE**

COMPLAINT FOR PERMANENT & IMMEDIATE INJUNCTIVE AND OTHER RELIEF

## PART - THE FIRST
## Parties

1.      Plaintiff '**641 BEACH STREET TRUST**' (TRUST-641), Declaration of Trust u/d/t

Massachusetts Suffolk County Registry DECEMBER 1, 1999 on Book 24635, Page 068, holds

title to the Locus, 641 Beach Street Revere Massachusetts 02151and has asserted a [1]*"Related*

*consumer action"* on the RECORD in *Suffolk Superior Court, Docket # SUCV-2015-2627-B* .

The principal address for the Trust is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

> *In Law & In Equity, understood by all People to include,*
>
> Individual schedule ix beneficiary, the mortgagor and consumer harmed.

1.a.  On; or shortly before, December 20, 2004, [2]with full knowledge and approval of the

Lender, 'TRUST-641'deeded title to individual schedule ix beneficiary Gail Goldstein.

Shortly after Gail Goldstein signed a mortgage with GMAC, again with the full

knowledge and approval of the Lender, Gail Goldstein deeded title back into the family

Trust. Gail Goldstein is an individual consumer harmed by the [3]Defendants violation of

STIPULATED ORDER § IV, and the sustained untruthful reporting made to all credit

reporting agencies. Gail Goldstein is an individual residing at 237 Chestnut Hill Avenue,

Brighton, Massachusetts 02135.

> The Plaintiff as Trustee (Trustee-641).

1.b.    The former Property Manager Larry Loew was appointed Trustee on 25'th day of

October 2011, u/d/t Massachusetts Suffolk County Registry of Deeds, Book: 48553,

Page: 309.



2.      Plaintiff '**643 BEACH STREET TRUST**' (TRUST-643), Declaration of Trust

u/d/t Massachusetts Suffolk County Registry DECEMBER 1, 1999 on Book 24635, Page 118,

holds title to the Locus, 643 Beach Street Revere Massachusetts 02151and has asserted a

---

[1] **STIPULATED ORDER § DEFINITIONS §7**

[2] NOTICE OF TRANSFER available upon request.

[3] Defendants understood to be (i) Defendant Green Tree and (ii) Defendant Harmon Law

[4]*"Related consumer action"* on the RECORD in ***Suffolk Superior Court, Docket # 1784-CV-00569-F.*** The principal address for the Trust is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

*In Law & In Equity, understood by all People to include,*

Individual schedule ix beneficiary, the mortgagor and consumer harmed.

2.a.    On or before December 20, 2004, [5]with full knowledge and approval of the Lender, 'TRUST-643'deeded title to individual schedule ix beneficiary Gail Goldstein. Gail Goldstein signed a mortgage with GMAC and, again with the 'full knowledge and approval of the Lender', Gail Goldstein deeded title back into the family Trust. Gail Goldstein is an individual consumer harmed by the [6]Defendants violation of STIPULATED ORDER § IV, and the sustained untruthful reporting made to all credit reporting agencies. Gail Goldstein is an individual residing at 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

The Plaintiff as Trustee (Trustee-643)

2.b.    The former Property Manager Larry Loew became the Trustee of the 643 BEACH TRUST on 25'th day of January 2017, u/d/t Suffolk County Registry of Deeds of Massachusetts, on Book: 7263, Page: 141.

3.    The Plaintiff, THE 6 & 8 NAHANT TRUST, ('Trust-6&8'), u/d/t Declaration of Trust, Suffolk County Registry of Massachusetts, DECEMBER 1, 1999 on Book: 24635, Page: 136, holds title to the Locus, 6 & 8 Nahant Avenue Revere Massachusetts 02151 and has asserted a *"Related consumer action"* on RECORD ***Suffolk Superior Court, Docket No. SUCV2011-04704.*** The principal address for the Trust is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

*In Law & In Equity, understood by all People to include,*

Individual schedule ix beneficiary, the mortgagor and consumer harmed.

3.a.    With full knowledge and approval of Lender, The Trust deeded title to Larry Loew, an individual beneficiary set in Trust article ix. Larry Loew signed as mortgagor. With full knowledge and consent of the Lender, Larry Loew deeded title to family Trust

---

[4]    **STIPULATED ORDER § DEFINITIONS §7**

[5]    NOTICE OF TRANSFER available upon request.

[6]    Defendants understood to be (i) Defendant Green Tree and (ii) Defendant Harmon Law

Larry Loew is an individual consumer harmed by violations of **STIPULATED ORDER § IV**, and the sustained untruthful reporting made to all credit reporting agencies. Larry Loew's address is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

The Plaintiff as Trustee (Trustee-6&8)

3.b.     Larry Loew, the former Property Manager, became the Trustee of the 6 & 8 NAHANT TRUST on 25'th day of October 2011, u/d/t at the Suffolk County Registry of Deeds in the Commonwealth of Massachusetts, recorded at Book 89739, Page 309 .

4.       Plaintiff **640 BEACH STREET TRUST**, ('Trust-640'), u/d/t at the Suffolk County Registry of Deeds in the Commonwealth of Massachusetts, recorded on 12 JANUARY 2007 on Book: 41121, Page 113, held title to the Locus, 640 Beach Street, Revere Massachusetts 02151 and has asserted a "***Related consumer action***" on RECORD ***Suffolk Superior Court, Docket # SUCV 2010-1600-C with alternative set by the Court Clerk Dkt # SUCV-2010-01597-H.*** The principal address for the Trust is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135         *In Law & In Equity, understood by all People to include,*

Individual schedule ix beneficiary, the mortgagor and consumer harmed.

4.a.     Individual schedule ix beneficiary Gail Goldstein, the mortgagor, deeded title to the Trust. Gail Goldstein's address is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135.

The Plaintiff as Trustee (Trustee-640)

4.b.     Trustee Larry Loew continues as the original Trustee of RECORD on Declaration of Trust recorded on 12 JANUARY 2007 u/d/t at the Suffolk County Registry of Deeds of the Commonwealth of Massachusetts on Book: 41121, Page 113

5.       Plaintiff schedule ix beneficiaries, (aka "Litigating Interest in TRUST"), is to be understood as constituting each individual named beneficiary along with the individual U.S. Consumer and Civil Rights held by each, protected by Federal statute and U.S. Constitution, as each named schedule ix beneficiary fell victim and suffered injury by the Defendants consumer debt collection business practiced in violation of **STIPULATED ORDER FOR PERMANENT INJUNCTION § IV,** on RECORD in ***Suffolk Superior Court, Docket # SUCV-***

*1014-01826.* The principal address for this Plaintiff is 237 Chestnut Hill Avenue, Brighton, Massachusetts 02135

     *5.a. In Law & In Equity, this Plaintiff is to be understood by all People, as a party created in law and in equity, recognized by the Suffolk Superior Court and created as a direct consequence of Defendants own act & deed of RECORD.*

     *5.b. Consumer Complaints for this Plaintiff may also be found on RECORD in Federal Bankruptcy Court, Docket # 11-13339 and Docket # 12-01139, The Court of Origin wherein the Defendant Harmon Law merged its litigating interest with a second consumer creditor.*

     *5.c. Consumer Complaints for this Plaintiff may also be found on RECORD in Chelsea District Court Docket # 1014-cv-1237 The Court of Origin of the before referenced second creditor's civil complaint.*

*In Law & in equity, and as no door should be closed to any equity rights & claims of other potential members of a protected class of Massachusetts Consumer-Homeowners*

6.    Plaintiff 'Massachusetts Consumer-Homeowners' as a consumer class harmed by debt collection practices conducted in violation of **STIPULATED ORDER FOR PERMANENT INJUNCTION § IV**

     6.a.  If it is determined that a protected class of Massachusetts Consumers with a "Related Consumer Complaint' is found to exist in law; this class and the members of this class, may be referenced herein as either (i) "Massachusetts Consumer-Homeowners" or alternatively as (ii) "Consumer-Homeowners", which is also to be understood as though the interests of each are protected in a Consumer TRUST.

     6.b.  Alternatively, this term or "Consumer-Homeowner", may be understood as a description only, limited to this complaint, for the Plaintiffs' in context of the parameters described in the **STIPULATED ORDER.**

     6.b.  As has been the case for the consumer complaint of each consumer-homeowner and Plaintiff named herein, the injunctive relief granted by the ORDER to all U.S. consumer home-owners who fell victim to the predatory debt collection practices of the Defendant, this ORDER has found no foothold nor provided any protections in Suffolk Superior Court. Plaintiffs pray for RELIEF for all such similar consumers harmed.

## DEFENDANTS

**STIPULATED ORDER FOR PERMANENT INJUNCTION § DEFINITIONS §§ 3**

To Wit:

(i)      **"Defendant"** **means Defendant Green Tree Servicing LLC, and its successors and assigns. For purposes of this definition, an "assign" means a person who purchases all or substantially all of the assets of Green Tree Servicing LLC or of Green Tree Servicing LLC's division(s) or major business unit(s) that are engaged as a primary business in customer-facing servicing of residential mortgage loans." (STIPULATED ORDER, § DEFINITIONS §§ 3 )**

7.      Defendant Green Tree Serving LLC, ("Green Tree") is named herein as being the same original Defendant identified set forth in FTC & CFPB COMPLAINT and cited above. Plaintiffs insert the **STIPULATED ORDER § DEFINITIONS §§ 3** as though written herein. *In Law & In Equity, understood by all People to include,*

7.a.      Defendant Green Tree, is identified as an active business organization in the Commonwealth of Massachusetts in fact and by deed. Defendant Green Tree continues to conduct its enjoined unlawful consumer debt collection business activities in the Commonwealth, converting to cash the fraudulent mortgage assignments obtained by the Defendant's financial misconduct and false mortgage default claims. The fraudulent mortgage assignments, recently recorded or still resting on the REGISTRY of DEEDS, remain continuously held in the name of the Defendant as "Green Tree". Defendant asserts full ownership rights & authority to act, as "Green Tree", the mortgage assignee named on the four corners of these instruments. Defendant continues in its enjoined conduct on these mortgage assignments, taking it through the final stage necessary to effect cash collections; the foreclosure auction or sale of the property on which the original mortgage agreement was secured. By so doing, Defendant Green Tree remains an active business entity in the Commonwealth, and any claims to contrary fall short.

7.b.    DEFENDANT GREEN TREE is further identified as a party which remains fully subject to **STIPULATED ORDER** and mandatory & ongoing ORDERED reporting to the FTC & CFPB. Examples found in the language of the **STIPULATED ORDER**. (II§E, III§E, III§F)

To Wit:

*"III, § E - Defendant acknowledges that its Taxpayer Identification Number, which Defendant previously submitted to the Commission or Bureau, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.*

*III § F - For a period of three (3) years from the Effective Date, within thirty (30) days of the entry of a final judgment, consent order, or settlement in a related consumer action, Defendant shall notify the Bureau Enforcement Director of the final judgment, consent order, or settlement in writing. That notification shall indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and should describe the consumers or classes of consumers to whom that redress has been or will be paid.*

*E.    II § E - To preserve the deterrent effect of the civil money penalty, in any related consumer action, Defendant shall not argue that Defendant is entitled to, nor shall Defendant benefit by, any offset or reduction of any monetary remedies imposed in the related consumer action, because of the civil money penalty paid in this action ("Penalty Offset"). If the court in any related consumer action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment shall not be deemed an additional civil money penalty and shall not be deemed to change the amount of the civil money penalty imposed in this action"*

8.    Defendant Ditech Mortgage Corp., ("Ditech"), is reported to be a wholly separate and different corporate entity than "Green Tree", organized and reporting itself under a different Tax

ID number, with principle address of 1100 Virginia Drive, Suite 100, Fort Washington, PA 19034. *In Law & In Equity, understood by all People to include,*

8.a.  Defendant DiTech is a corporate identity asserted by Defendant Green Tree's legal counsel to be their new client as these attorneys seamlessly continue in the same foreclosure collection action, on the same fraudulent mortgage assignment, for which they were originally hired by the Defendant Green Tree to undertake.

8.b.  Defendant DiTech as Defendant Green Tree.  The unlawful foreclosure collection action continues, unencumbered by the **STIPULATED ORDER**, under the corporate auspices of Defendant "DiTech", on mortgage assignments continuously held by Defendant Green Tree as assignee, without a mortgage assignment to "DiTech" or assertion of an assignment effected by a business transaction, such as a sale or merger. Indeed, the financial prohibitions placed on the Defendant Green Tree strictly disallow any such actions from being taken.  Instead, the authority of ownership granting the right to foreclose, is only asserted by Defendant Green Tree's legal counsel in Oral arguments, under the claim that: "DiTech is Green Tree and Green Tree is Ditech".   Under this argument, DiTech and Green Tree exists both as individual corporations while simultaneously existing as one and the same corporation.  A claim asserted without proof, documents or any other evidence provided to substantiate it.   Under this argument, Defendants exist as a corporate chimera, with one corporate body foreclosing on the other's enjoined fraudulent mortgage assignments.

8.c.  Further, legal counsel employed by the Defendant Green Tree continue to make the claim that Green Tree is no longer in business.  Given this claim coupled with the

lack of any evidence of an actual mortgage assignment to Defendant DiTech, the title & ownership of the mortgage assignments is muddied.

9.    Defendant "Ditech Mortgage Corp. f/k/a Green Tree Serving LLC" is a necessary named Defendant Party as it is the named mortgage holder on the foreclosure deed recorded on the SUFFOLK COUNTY REGISTRY OF DEEDS. "Ditech Mortgage Corp. f/k/a Green Tree Serving LLC" is a non-existent entity with declared business address asserted in MGL 244 §14 notice of 150 California Street, Newton Massachusetts, same address of Defendant Harmon Law.

10.    Defendant Green Tree is also to be understood to include all people in its employ, as agent or outside legal counsel who remain also enjoined in the **STIPULATED ORDER.**
To Wit:

> *IV.    INJUNCTION AGAINST UNSUBSTANTIATED CLAIMS*
> *IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:*
>
> *A.    Making any representation, expressly or by implication, that a consumer's account has unpaid balances, payment due dates, interest rates, monthly payment amounts, delinquency statuses, unpaid fees, or other amounts due, unless, at the time of making the representation, Defendant can substantiate such a representation, including but not limited to situations in which:*
>
> To Wit:

10.a.    Defendant Harmon Law Offices, P.C. business office is 150 California Street, Newton, Massachusetts 02458, and routinely operates under licenses to practice law of Kurt R. McHugh BBO# 654835.

10.b.    Defendant McCarter & English, LLP. (McCarter & English) with office address of, 265 Franklin Street, Boston, Ma. 02110, and routinely operates under licenses to practice law of Nicholas W. Allen, BBO# 663409 and Richard Briansky, BBO# 632709.

11.    Defendant Harmon Law Offices, P.C. (Defendant Harmon Law) is a named Defendant understood to be an acting principal in the enjoined unlawful consumer debt collection & foreclosure practices, accepting multiple responsibilities tasked exclusively to principle debt collectors, and has done so found on the [7]RECORD since 2010. Defendant Harmon Law's business office is 150 California Street, Newton, Massachusetts 02458, and routinely operates under licenses to practice law of Kurt R. McHugh BBO# 654835.

12.    Defendant Harmon Law & Associates, is a named principal defendant in this complaint, understood by all people to include its successors and assigns, as well as all surrogates utilized in Defendant Harmon Law's litigation, the multiple officers of the court openly [8]employed by Defendant Harmon Law and the additional consumer debt collectors working in concert or under instruction of the Defendant. Defendant's office is 150 California Street, Newton, Massachusetts 02458. *In Law & In Equity, understood by all People to include, but not necessarily limited to:*

To Wit -

12.a.    EDWARDS WILMAN PALMER LLP 2800 Financial Plaza Providence, R.I. 02903, under licenses to practice law of Michael T Grant BBO# **, Erika J. Linberg BBO# 673975 and;

---

[7] Suffolk Superior Court: (i) (Trust-640) Dkt# SUCV-2010-1600-C with alternative set by the Court Clerk Dkt # SUCV-2010-01597-H // (Trust-6&8) dkt# SUCV-2011-4704-D; // (Schedule iv Beneficiaries) Dkt# 14-CV-1826; // (Trust-641) Dkt# SUCV-2015-2627-B; // (Trust-643) Dkt# 1784-CV-00569-F; // Fed. Bankruptcy Court: Dkt# 11-1339; Dkt# 11-20046; Dkt# 12-01139.

[8] Admissions made by Kurt R. McHugh BBO# 654835, in declarations, boasts and threats made directly to the consumer and reflected directly in the public RECORD of the Courts

12.b.    Michael T Grant with offices at 111 Huntington Avenue, Boston
Massachusetts 02199 with BBO # set on Record of the United States Bankruptcy
Court for the District of Massachusetts Eastern Division in dkt# 11-200-46 and;

12.c.    Joeseph Farside of Wildman and Associates, with address and
BBO # set on RECORD of **United States Bankruptcy Court for the District of
Massachusetts Eastern Division in dkt# 11-200-46** or alternatively set on the
RECORD in ***Suffolk Superior Court, Docket No. SUCV2011-04704***

12.d.        McCarter & English, LLP. 265 Franklin Street, Boston,
Ma. 02110 under licenses to practice law of Nicholas W. Allen, BBO# 663409
and Richard Briansky, BBO# 632709;

12.e.    Matthew T. McDonough BBO# 665857 listed on the consumer's
schedule of creditors, cited within this complaint as 'second (consumer) creditor',
set on Record of the **United States Bankruptcy Court for the District of
Massachusetts Eastern Division in dkt# 11-13339 & dkt# 12-01139**. This second
creditor was later recruited by Harmon Law attorney Kurt R. McHugh BBO# 654835 as
partner or subcontractor, effectively utilized by the Defendant Harmon Law in multiple
Court venues and as made known in numerous admissions and threats of Defendant
Harmon Law's attorney Kurt R. McHugh BBO# 654835.  Matthew T. McDonough
BBO# 665857 with address of 482 Broadway, Somerville, Ma. 02145.

12.f.    Suffolk Superior assistant clerk John Powers, Clerk on Record in
*(i) Docket # SUCV 2010-1600-C alternatively set by court clerk as Dkt# SUCV-2010-01597-H;
(ii) Docket # SUCV-1014-01826 (14-CV-1826);
 (iii) Docket # 1784-CV-00569-F.*
12.G.    Presiding Jurists of RECORD in Suffolk Superior Court on
RECORD in:  *(i) Docket # SUCV-2015-2627-B; (ii) Docket No. SUCV2011-04704; (iii)
Docket # 1784-CV-00569-;, (iv) Docket # SUCV-1014-01826 (14-CV-1826)*
12.h.    Presiding Jurists of RECORD in United States Bankruptcy Court
for the District of Massachusetts Eastern Division on RECORD in: *Federal
Bankruptcy Court, (i) Docket # 11-13339, (ii) Docket # 11-20046, (iii) Docket # 12-
01139*

PART - THE SECOND

JURISDICITION & VENUE

13.    It is now a matter of settled law that the District Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a); under 15 U.S.C. §§ 45(a)(1) and 53(b).  This is a matter of settled law adjudicated and asserted in the **STIPULATED ORDER OF INJUNCTION**.

14.    Venue is proper in the United States District of Massachusetts, under 28 U.S.C.§1391 §§ (b)(2), because, at all times relative to this complaint the enjoined business practices (see: ORDER §IV) continued, and continues, within the Commonwealth of Massachusetts, harming Massachusetts consumers, and making cash collections on Massachusetts properties, by foreclosure.  Although both Defendant Green Tree and/or the Defendant DiTech reportedly are out of state business entities, the final foreclosure collection action is taken as "DiTech f/k/a Green Tree" with the office address of 150 California Street, Newton, Massachusetts.

15.    Alternatively, Venue may also be considered proper in this Honorable District Court under 28 U.S.C. § 1391 §§ (b)(3).   Defendant Green Tree, once headquartered in Minnesota, remains active and continues in the enjoined conduct, although Defendant Green Tree now claims it no longer exists and is out of business.   The Defendant Green Tree remains the continuous owner of the mortgage assignments obtained through these fraudulent mortgage default claims, recorded and resting on multiple Massachusetts' REGISTRY of DEEDS. Under this reading of the facts, and given the transitory nature of the Defendant Green Tree, Venue is proper under 28 U.S.C. § 1391 §§ (b)(3), as the remaining Defendants are each headquartered and housed in Massachusetts.

11

16.    In Law & in Equity, venue is proper and all People may look to the language of the **STIPULATED ORDER FOR PERMANENT INJUNCTION** …

(i) Although the consumer may turn to the Court of Origin, there is no language compelling the consumer to do so. The language is clear though; the Defendant Green Tree must return the originating Court to pray for RELIEF while no such burden is placed on the consumer.

(ii) The language of the ORDER leaves the door open to The FTC & CFPB for enforcement, *financial policing* and *criminal prosecution* if the FTC & CFPB finds just cause.

(iii) The Massachusetts consumer-homeowner does not have standing as a named Plaintiff in that action nor does the Massachusetts consumer-homeowner have any authority or rights to file in that venue under state or federal law.

(iv) While the FTC & CFPB has Federal statutory authority to prosecute violations of Federal Financial Laws governing the Defendant's business conduct, no Massachusetts homeowner possesses such authority of law. This statutory authority is available to the CFPB & FTC for *financial policing* of the Defendant, not a right granted automatically to a Massachusetts home owner.

(v) Indeed, what reasonable and just court would demand homeowners nationwide, make such a pilgrimage in law, to pray that particular court of origin, for immediate relief in law and in equity? The language of the ORDER, in all matters, is punitive for the Defendant, not the harmed consumer. The intent to further burden the consumer is not apparent anywhere within this language.

(vi) Plaintiffs submit the language of the **STIPULATED ORDER, II(E), III(E,F) § Definitions of "related consumer complaints"** as but a small example of such language

supporting a reasoned conclusion that the **STIPULATED ORDER FOR PERMANENT INJUNCTION** addressed the issue of multiple venues outside of Minnesota, clearly leaving the door open for multiple civil claims and civil damages awarded from multiple Venues outside of Minnesota.  Indeed, the language of the **STIPULATED ORDER** clearly anticipates same.

To Wit:

> *"III, § E - Defendant acknowledges that its Taxpayer Identification Number, which Defendant previously submitted to the Commission or Bureau, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.*
>
> *III § F - For a period of three (3) years from the Effective Date, within thirty (30) days of the entry of a final judgment, consent order, or settlement in a related consumer action, Defendant shall notify the Bureau Enforcement Director of the final judgment, consent order, or settlement in writing. That notification shall indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and should describe the consumers or classes of consumers to whom that redress has been or will be paid.*
>
> *E.     II § E - To preserve the deterrent effect of the civil money penalty, in any related consumer action, Defendant shall not argue that Defendant is entitled to, nor shall Defendant benefit by, any offset or reduction of any monetary remedies imposed in the related consumer action, because of the civil money penalty paid in this action ("Penalty Offset"). If the court in any related consumer action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment shall not be deemed an additional civil money penalty and shall not be deemed to change the amount of the civil money penalty imposed in this action"*

13

PART - THE THIRD

COMPLAINT

In Law & In Equity

TRUSTEE CERTIFICATE on EXHIBIT ONE


17.    The documents submitted herein as: EXHIBIT ONE, bundled and recorded together in

the aggregate aka "Lis Pendens", are true & accurate copies of ORIGINAL documents recorded

on the SUFFOLK COUNTY REGISTRY OF DEEDS,  Book: 57684 & Page: 197 on 17

MARCH 2017.


18.    EXHIBIT ONE, may also be read and understood individually, and otherwise known as,

To Wit:  BOOK:  57684    PAGE:  197    Plaintiffs' Consumer Complaint

            BOOK:  57684    PAGE:  203    **FTC & CFPB COMPLAINT**

            BOOK:  57684    PAGE:  245    **STIPULATED ORDER FOR PERMANENT**

                                                  **INJUNCTION**


19.    All People may rely on EXHIBIT ONE as uncontested FACTS of RECORD.


20.    Plaintiffs rely on the above cited RECORD as matters of settled law in support of

Plaintiffs assertion of RESPA VIOLATIONS, found in clause 47, and Plaintiffs assertion of

**STIPULATED ORDER § IV** violations.

21.    Trustee herein Certifies all people may turn to this Document for settled law that the DEFENDANT GREEN TREE IS A CONSUMER DEBT COLLECTOR.

22.    Trustee herein Certifies all people may turn to this Document for settled law and established facts of RECORD, on **GREEN TREE'S BUSINESS PRACTICES** and may look to paragraphs 12, 17, 18, 19, 20 for a more complete understanding of subject matter.  Plaintiffs insert complete **FTC & CFPB COMPLAINT** as though written in its entirety herein.

23.    Trustee herein Certifies, that all people may turn to and rely upon the language of the and **STIPULATED ORDER FOR PERMANENT INJUNCTION**, set forth on the public RECORD OF THE SUFFOLK REGISTRY OF DEEDS on 17 MARCH 2017, in Book: 57684 and Page: 245, for SUBJECT MATTER JURISDICTION OF FEDERAL COURT, and all peoples may rely upon same for definition(s) including but not limited to:  (i) §3. "Defendant" (Green Tree) , (ii) §6. (HAMP) "In-process loan modification", (iii) §11. "Related consumer action", (iv) §7 "Investigation", (iv) §9. "Loss mitigation", (v) § 12 "Servicing", (vi) §13. "Transfer", (vii) §8 "Involuntary Transfer" and Plaintiffs insert the **STIPULATED ORDER FOR PERMANENT INJUNCTION** as though written in its entirety herein.

24.    Trustee herein Certifies all people may turn to the language of LIS PENDENS as a declaration of uncontested Facts set on the Public Record, and as an undisputed NOTICE TO ALL PEOPLE, satisfying the requisite "notice" found in the **STIPULATED ORDER § IV.**

25.    Trustee herein Certifies, that no Defendant Parties involved in this complaint could be ignorant of these facts.

26.    Trustee herein Certifies, and all peoples may rely upon, the language of the LIS PENDENS, to establish the timeline allowed on consumer complaints under RESPA & performance of the ordered "INVESTIGATION" set in the STIPULATED ORDER.
(see LIS PENDENS, 17 MARCH 2017, on RECORD : in Book: 57684 / Page: 203 )
To wit:

3.    *"Plaintiffs on 31 August 2015, served and made part of the public court Record, (641 Beach Street Trust et al v. Green Tree (a.k.a. DiTech), Suffolk Superior Court, dkt# sucv2015-2627b) a related consumer complaint, constituting a ...*

*STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT*
*... 4 (h) (11) "Related consumer action" means a private action by or on behalf of one or more consumers, or enforcement action by another governmental agency, entity, or representative, brought against Defendant based on substantially the same conduct issues as alleged in the Complaint.*

*4. NOTICE is hereby given that the Defendant Green Tree (DiTech) et al failed to place on RECORD any evidence, or provide any timely & lawful defense, on the RECORD, that the Defendant ever complied with THE STIPULATED ORDER, at any time in the history of Green Tree's servicing of the alleged consumer debt, nor is there any evidence on RECORD that the Defendant took any action to bring themselves into compliance with; (such as the performing the prescribed STIPULATED COURT ORDERED "Investigation") said STIPULATED ORDER even after*

16

Plaintiffs 641 Beach Street Trust, et al. placed on the RECORD Plaintiffs' complaint on 31 AUGUST 2015, or after

b.  Plaintiffs 641 Beach Street Trust, et al served the Defendant Green Tree with the F.T.C. & C.F.P.B. COMPLAINT and the STIPULATED ORDER on October 5, 2015, or after

c. Plaintiffs 641 Beach Street Trust, et al. placed notice of Defendants' DEFAULT along with THE COMPLAINT & THE STIPULATED ORDER on the RECORD on 24 December 2015

5.  The public Court RECORD shall evidence that the Defendant Green Tree failed to make themselves compliant to THE **STIPULATED ORDER**, as of the 24'th of December 2015, specifically, but not limited to, compliance to Sections IV ... "

27.    When provided the opportunity afforded when the Plaintiffs filed their joint consumer complaint on RECORD 31 AUGUST 2015,  for the Defendants to assert a defense or provided evidence that the Defendants ever responded to the consumer complaints when originally served, or to assert a claim that the Defendants, at any time whatsoever, complied with RESPA or any other Federal statute governing consumer financial service providers such as a mortgage servicer, the Defendants remained silent and did not do so.  Defendants asserted no claim nor provided any evidence that the Defendants ever perform an [9]**INVESTIGATION** or made any similar GOOD FAITH effort to correct the numerous errors detailed in the consumer complaints.

---

[9] STIPULATED ORDER § DEFINITIONS and as set in Party the Prelude

28.    When Defendants were provided the opportunity (by the action of the Plaintiffs' filing their joint consumer complaint on 31 AUGUST 2015) to bring themselves into compliance, even at that time, with the governing Federal statutes and/or the **STIPULATED ORDER** mandated performance of an [10]**INVESTIGATION**, the Defendant Green Tree, Defendant Harmon Law, Defendant McCarter & English did not do so.  Rather; the Defendants remained silent and continued aggressively in their foreclosure action. Defendants effected all new RESPA violation, for each consumer complaint which were again submitted and made available to the Defendants. Failing yet again to respond to the consumer complaints constituted a new and individual COUNT of RESPA violation for each consumer complaint, continuously occurring per diem.

29.    PLAINTIFFS again assert and maintain, and now submits as sworn statement before this Honorable Court in this Complaint, and as set on the RECORD above, Defendant Green Tree, Defendant Harmon Law, Defendant McCarter & English did not perform, or provide evidence Defendants performed, the mandated "[11]**INVESTIGATION**," in the time prescribed to do so, set in the **STIPULATED ORDER.**  Rather, Defendants knowingly and intentionally continued in the enjoined unlawful debt collection foreclosure practices, and did so in violation of **STIPULATED ORDER § DEFINITIONS §§ 7 and § IV.**  These violations exist each as a separated COUNT continuously made by the Defendants per diem.

30.    PLAINTIFFS assert and maintain, and as set on the RECORD above, that Defendant Green Tree and/or Defendant Harmon Law failed to perform an "Investigation" in GOOD FAITH (**STIPULATE ORDER § DEFINITIONS §§ 7**) to consumer complaint(s) of Plaintiff

---

[10] STIPULATED ORDER § DEFINITIONS and as set in Part the Prelude Trustee Certificate.

[11] STIPULATED ORDER § DEFINITIONS and as set in Part the Prelude, Trustee Certificate.

TRUST-641 and Plaintiff TRUST-643 in response to the Plaintiffs' joint consumer complaint filed on 31 AUGUST 2015.

31.      For the purpose to set the date for the calculation to begin for each per diem COUNT, Plaintiffs pray this date be adjudicated as 31 AUGUST 2015 onward.  As reason, Plaintiffs look to the public RECORD of the Court to assert as an undisputed fact of RECORD, Defendant Green Tree and Defendant Harmon Law, were each clearly served substantially similar and related consumer complaints to those found in the FTC & CFPB COMPLAINT and **STIPULATED ORDER**, which the Defendants remain silent to, and took no action to comply to the ordered mandates, but rather stepped around those consumer complaints and continued in unlawful debt collection actions and foreclosure schedule.  Even though the consumers were unaware of the **STIPULATED ORDER § IV**, the Defendants can claim no such ignorance. The Defendants continued to act in violation of the **STIPULATED ORDER**, and in so doing, each violation exists as a separate and individual COUNT, per diem, from 31 AUGUST 2015 ONWARD.  VIOLATIONS asserted, but not limited to:

to wit:

### IV  INJUNCTION AGAINST UNSUBSTANTIATED CLAIMS

*"IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:*

*A.       Making any representation, expressly or by implication, that a consumer's account has unpaid balances, payment due dates, interest rates, monthly payment*

*amounts, delinquency statuses, unpaid fees, or other amounts due, unless, at the time of making the representation, Defendant can substantiate such a representation, including but not limited to situations in which: etc."*

32.     Alternatively, if this Honorable body finds fault with this argument, Plaintiffs submit that the calendar may be set on the above stated violation(s), on 05 OCTOBER 2015 upon service of the FTC & CFPB COMPLAINT and **STIPULATED ORDER** to the Defendant Harmon Law, Defendant Green Tree and Defendant McCarter & English and exist as individual COUNTS made daily from 05 OCTOBER 2015 forward.

33.     Alternatively, if this Honorable Court finds fault with the above, Plaintiffs humbly submit that the calendar date set for the per diem counts as beginning on: 24 DECEMBER 2015 the date Plaintiffs set on the public RECORD of the Court both FTC & CFPB COMPLAINT and **STIPULATED ORDER** in Plaintiffs' Motion to Default.

34.     Alternatively, if this Honorable body agrees with the "Ex Parte" RELIEF granted by a rotating jurist, set on RECORD and written on top of Plaintiffs' Motion to Default, dated as adjudicated 28 DECEMBER 2015, with said judicial consideration made "SUA SPONTE" without papers before the court, without Defendant McCarter and English submitting any motion, without Defendant McCarter & English presenting Oral arguments in open court on 28 DECEMBER 2015, then Plaintiffs pray for a date to be adjudicated and set by the Hon. Court to begin the per diem calculations.

Or;

35.     Alternatively, if this Honorable Court wishes to review and determine a date, with Fresh Judicial Eyes on new evidence unhampered by any potential concerns stemming from the lower courts, Plaintiffs humbly submits that the calendar of the Plaintiffs' allegations of Violations of **STIPULATED ORDER** begin on 17 MARCH 2017, and as set on RECORD of the SUFFOLK COUNTY REGISTRY of DEEDS: in Book: 57684 / Page: 197, on 3/17/2017.


36.     Whatever date this Honorable Court finds the Defendants to have initially been in violation of **STIPULATED ORDER § IV**  Defendant Green Tree, Defendant Harmon Law, (and on 05 OCTOBER 2015), Defendant McCarter & English, that violation exists as a separate and individual COUNT of violation of **STPILUATED ORDER § IV** made per diem.

## RESPA VIOLATIONS

3rd Party Mortgage Servicer's failure to respond to consumer "qualified written" disputes.

*IN LAW & IN EQUITY, All People may turn to and rely fully upon the language of the* **_STIPULATED ORDER_** *CLAUSE 46, § COUNT XXV §§ 153-157 AND § COUNT XXVI §§ 158 & 159.*

37.     All Plaintiffs pray this Honorable Court, in the interest of Judicial Economy, to allow a joinder of Plaintiffs under Federal Rules of Civil Procedure, Rule 18 – Joinder of Claims. Plaintiffs submit as further arguments in support of this prayer, that: (i) the same Defendant Harmon Law is named in all of the Plaintiff complaints, (ii) Plaintiffs' claim flows from the same violations and financial misconduct concerning HAMP In-Process consumer loan modifications not honored, (iii) fraudulent mortgage default claims, leading to (iv) aggressive consumer debt collections and (v) foreclosure actions, routinely conducted by Defendant Harmon Law. **STIPULATED ORDER FOR PERMANENT INJUNCTION** serves equally well as applicable case law point, providing definitions and statutory violations policed by authority of the CFPB and FTC.

### PLAINTIFF TRUST-641 AND PLAINTIFF TRUST – 643

38.     RESPA VIOLATIONS, (failure to respond to) consumers "qualified written" disputes, served upon Defendant HARMON LAW and DEFENDANT GREEN TREE by PLAINTIFF TRUST-641 and PLAINTIFF TRUST-643, which the Defendants remained forever silent on. Plaintiffs submit, as limited exhibits, some of the numerous written consumer complaints made to the Defendants,    and asserts each as a separate & individual COUNT of RESPA VIOLATION.

39.     COUNT I & II, RESPA VIOLATION on: 09 MARCH 2013 -

        Plaintiff TRUST-641 & Plaintiff TRUST-643 submitted to Defendant Harmon Law and Defendant Green Tree Consumer Complaints which asserted: (i) Consumer complaints on failure of Defendant Green Tree to recognize and honor "In-Process" HAMP modifications, (ii)

consumer complaints concerning Defendant's inflating escrow amounts and mortgage payments, (iii) consumer complaints of misreporting on each consumer loan, and (iv) Consumer demands for accounting on each consumer loan secured by mortgages on properties held by TRUST-641 and TRUST-643.

40.    COUNT III, RESPA VIOLATION on or around: 05 MAY 2013

       Proof of consumer completion of HAMP TPP payments, collected by Defendant Green Tree on 12 FEBRUARY 2013, 18 MARCH 2013, 18 MARCH 2013, APRIL 2013 and resubmitted on 04 & 05 NOVEMBER 2016.

41.    COUNT IV, RESPA VIOLATION on or around: 29 NOVEMBER 2013

42.    COUNT V, RESPA VIOLATION - on: 05 AUGUST 2014

43.    COUNT VI & COUNT VII, RESPA VIOLATIONS - on 07 & 08 AUGUST 2014

       Plaintiffs' submit for Judicial Notice the Consumer's GOOD FAITH offer to pay Defendant Green Tree's disputed claim and collection demands. Offer of payment by Mortgagor of $30,000.00 made to Defendant Green Tree and Defendant Harmon Law.

*N.B. SUFFOLK SUPERIOR COURT dkt # 15-2627-B*
*FACTS OF RECORD*

44.    COUNT VIII & COUNT IX, RESPA VIOLATION - on 31 AUGUST 2015

       Plaintiff TRUST-641 and Plaintiff TRUST-643 joint "Related Consumer Complaints" (**STIPULATED ORDER FOR PERMANENT INJUNCTION** § 11) served to Defendant Harmon Law. Defendant Green Tree, and as set on the public Court RECORD.

45.    COUNT X, RESPA VIOLATION - on 05 OCTOBER 2015

       Plaintiffs' amended consumer complaint with attached FTC & CFPB COMPLAINT & STIPULATED ORDER served to Defendants Green Tree, Defendant Harmon Law, and Defendant English.

46.    COUNT XI, RESPA VIOLATION - on:  24 DECEMBER 2015

Plaintiffs set on the public Court RECORD: (i) Plaintiffs' motion to Default Defendants, (ii) the FTC & CFPB COMPLAINT and (iii) the **STIPULATED ORDER**.

*N.B. SUFFOLK COUNTY REGISTRY OF DEEDS, BOOK 57684, PAGE 197*

47.    COUNT XII,  RESPA VIOLATION - On 17 MARCH 2017

Consumer Complaint set on the Public RECORD OF THE SUFFOLK COUNTY REGISTRY OF DEEDS.

48.    COUNTS XIII, XIV, XV - RESPA VIOLATION - on 2017

Documents maintained in the possession of attorneys for Plaintiff TRUST-643.

(i) MGL 93(a) letter, (ii) Consumer Complaint with the FTC & CFPB CFPB COMPLAINT AND **STIPULATED ORDER FOR PERMANENT INJUNCTION,** (iii) Plaintiffs' default of Defendants. Also submitted herein, Green Tree mortgage statement for 643 Beach Street Revere Ma 02151, documenting Defendant's monthly collection of $ 2,460.72 on consumer mortgage of ~ $1,421.00 until Defendant suddenly placed mortgage into foreclosure to collect an $8,000.00 unsubstantiated claim of escrow deficiency June 2015, on the consumer mortgage which was current May 2015.

PLAINTIFF TRUST-6&8

Rule 18(a) – Joinder of Claims - under RESPA VIOLATIONS

COUNT XIII - 10 DECEMBER 2013, RESPA VIOLATION

*N.B. SUFFOLK SUPERIOR COURT, SUFFOLK COUNTY, DKT NO. SUCV2022-4704-D*
*N.B. FEDERAL BANKRUPTCY COURT, EASTERN DIVISION Dkt# 11-13339 and Dkt# 12-01139*

49.    COUNT XVI, RESPA VIOLATION on 09 MAY 2011

MGL 93(a) Demand letter served to Defendant Harmon Law and Defendant CitiMTG Inc.

50.    FACTS of RECORD, background & synopsis in support of PRAYERS for Joinder of Claims under Fed.Rule Civ. Rule 18(a) of PLAINTIFF TRUST-6&8 as Plaintiff to this Complaint.

### SYNOPSIS

N.B. Loew v. CitiMortgage & Harmon Law in Bos.Sup.Crt. dkt# SUCV2011-4704-D - synopsis on FACTS of RECORD

(i)    Defendant CitiMTG Inc. (a) set aside & no longer honored the consumer's HAMP MODIFIED MORTGAGE in place, and in GOOD STANDING for 2 years prior, which the consumer faithfully kept current up to the day the Defendant took this action. (b) Defendant's did so without just cause. (c) The HAMP MODIFIED MORTGAGE had been (c.i) processed, (c.ii) approved and, (c.iii) accepted by the Defendant. (d) The Defendant even generated the written HAMP MODIFIED MORTGAGE AGREEMENT and both charged and electronically collected a $5,000.00 fee for this service from the consumer. (e) The Defendant set the monthly mortgage payments, collected same, and the HAMP MODIFIED MORTGAGE was kept current & in GOOD STANDING, up to the Defendant taking this action. (f) CitiMTG Inc. reported it never collected any money, fees, mortgage payments at any time, from the consumer. (g) Without providing any accounting or payment history, the Defendant asserted a mortgage default claim, predicated on the original-unmodified mortgage still resting on the RECORD, and even failed to provide the consumer with a declared and definitive dollar value to this claim. (h) Within 30 days of this action, and from that time forward, all authority, control and responsibilities traditionally conveyed through mortgage assignment, were assigned to Defendant Harmon Law.  (i) Defendant Harmon Law initiated immediate foreclosure debt collection actions. These remain FACTS of RECORD, evident on the documents recorded with the court on 15 MARCH 2012, including but not limited to the consumer's complaint, the HAMP MODIFIED MORTGAGE AGREEMENT, the bank statement evidencing the $5,000.00 service fee charged and collected.

(ii)    11-15 MARCH 2013 - ex parte dismissal of consumer complaint.  The before cited public court RECORD will also evidence "ex parte' relief granted to Defendant Harmon Law and its client, claimed to have issued forth from a HEARING on Defendant Harmon Law's Rule 56 motion to dismiss the consumer complaint because Plaintiff Loew "utterly failed to be present".

(iv)    16 MAY 2013 - The RECORD will also reflect that the presiding jurist made admissions from the bench and as set on the RECORD, 16 MAY 2013, that: (a) no Hearing had actually transpired during the week of 11 through the 15'th of March 2013, (b) Plaintiff Loew was never served any motion or notice from Defendants' of its motion to dismiss Plaintiff's complaint, and (c) there was no notice sent to the Plaintiff from the court.

(v)    16 MAY 2013 - The RECORD, The RECORD will also evidence that the presiding jurist, ruled that: (a) Everything done by this jurist and her court was a NULLITY IN LAW and IN FACT, (b) The "Ex Parte" relief and order of the court was vacated after which (c) the presiding jurist recused herself.

(vi)    Harmon Law continued in its unlawful and aggressive consumer debt collection activities on the once performing HAMP Modified Mortgage, abandoned by CitiMortgage Inc and on which Defendant HARMON LAW made numerous unlawful foreclosure actions.

(vii)    This financial misconduct is fundamentally the same. In this case, CitiMTG Inc set aside a performing HAMP MODIFIED MORTGAGE, reported a fraudulent mortgage default, and contracted the same Defendant, Harmon Law, to convert the paper into cash by foreclosure sale. Case law is the same found in the **STIPULATED ORDER.**

### *N.B.. SUFFOLK SUPERIOR COURT, SUFFOLK COUNTY, DKT NO. SUCV2022-4709-D*

51.    COUNT XVII, RESPA VIOLATION - 28 DECEMBER 2011

Consumer complaint served to Defendant Harmon Law and Defendant CitiMTG Inc. and placed on the public RECORD of the Court.( *see: SUFFOLK SUPERIOR COURT, SUFFOLK COUNTY, DKT NO. SUCV2022-4709-D).*

52.    COUNT XVIII, RESPA VIOLATION on 15 MARCH 2013

Plaintiff TRUST-6&8, Plaintiff Loew placed on the public RECORD of the Court, (i) original consumer signed HAMP MODIFIED MORTGAGE AGREEMENT, (ii) Consumer's bank statements evidencing CitiMTG Inc. electronic collection of $5,000.00 HAMP MODIFICATION MORTGAGE processing fee (set in FTC & CFPB COMPLAINT & **ORDER** such fees are unlawful under HAMP guidelines).

53.    COUNT IXX, RESPA VIOLATION on 23 FEBRUARY 2012

54.    COUNT XX, RESPA VIOLATION on 28 JUNE 2012,

**AFFIDAVIT OF LARRY LOEW** - Plaintiff's Affidavit on loan Modification,

Along with,

(i) Brief Summation on 16 MAY 2012 HEARING & recusal of presiding jurist.

(ii) $5,020.00 Financial service fee charged & paid by the consumer on: 09 JAN 2009

(iii) $ 2,387.12 down payment demand letter from CitiMTG Inc. in JANUARY 2009

(iv) The sworn to as being the true & accurate copy of the HAMP MODIFIED MORTGAGE agreement.

55.    COUNT XVII, RESPA VIOLATION on 19 NOVEMBER 2012

**AFFIDAVIT OF LARRY LOEW** - Plaintiff's Affidavit on (i) the week of 11
MARCH 2013, (ii) Superior Court's mailings to wrong address for the consumer-Plaintiff from
15 MARCH 2012 up to & including 23 APRIL 2012, and (iii) 16 MAY 2012 HEARING.
To Wit:

### 16 MAY 2012 HEARING - FINDING OF FACTS, RULINGS, RECUSAL

(a) Finding of FACT - Consumer- Plaintiff did not receive the Defendant's
rule 56 motion or notice.

(b) RULING - everything done by the (same sitting) Jurist during the week of
11  MARCH 2012 was " **A NULLITY IN LAW & IN FACT**".

(c) RULING - Presiding Jurist's 'ex parte' ruling in favor of the (debt collector)
Defendant was voided or otherwise overturned.

(d) DECLARATIONS made from the Bench -

1. The 11 MARCH 2012 HEARING on the Defendant's rule 56 motion
never transpired.

2.  The "ex parte" judgment in favor of the Defendant's motion was
*"**phoned in**"* by Defendant attorney Joe A. Farside.

3. The written judgment (Doc. # 18) set on the RECORD of the Court,
To Wit:

*"3/20/12 The within motion is Denied.  The plaintiff utterly failed to*
*follow the rules relative to summary judgment and seeks*
*relief only after the matter was heard, at which hearing he*
*failed to appear"*

had no basis in fact.

(e) After the above, the Presiding Jurist recused herself.

56.    COUNT XVIII, RESPA VIOLATION on 19 NOVEMBER 2012
**AFFIDAVIT OF LARRY LOEW SUPPLIMENTAL**

57.    COUNT IXX, RESPA VIOLATION on 18 NOVEMBER 2012

AFFIDAVIT OF LARRY LOEW, **OUTLINE & FLOWCHART,** topic: FACTS of
RECORD evidencing Defendant's coordinated actions taken in other courts, to end proceedings.

*N.B. U.S. BANKRUPTCY COURT, EASTERN DIVISION Dkt# 11-13339 and Dkt# 12-01139*

58.    COUNT XX, RESPA VIOLATION on 22 SEPTEMBER 2011

CHAPTER 7  BANKRUPTCY DISCHARGE.  The Defendant Harmon Law was both
aware and in possession of the consumer-Plaintiff's HAMP MODIFIED MORTGAGE.  The
Defendant remained silent on this FACT.

59.    COUNT XXI, RESPA VIOLATION on DECEMBER 2011

CHAPTER 13 - Defendant knowingly continued collection action on bad note.  Further,
in both Federal Court actions, Defendants continued to refuse to come to the table to (i) assert an
actual dollar amount to their claim, or (ii) defend it.  Defendants remained silent to Plaintiffs
motion to do so.

60.    COUNT XXII, RESPA VIOLATION on 10 DECEMBER 2013

(i) Plaintiff TRUST-6&8 submits and includes herein as RESPA VIOLATION, found in
the language set on: page 3, §§ (iv),(vi), (vii), (viii), also on page 3, §(ix) statement and assertion
of Plaintiff Loew's complaint made under 18 USC 1961 and 42 USC 1983,   Page 4, § (x), (xi),
(xii), (xviii), (xx)

To Wit:

## "SUBPOENA FOR DOCUMENT PRODUCTION for TRIAL IN CRIMINAL COURT"

**(ii) In Law & In equity, Let all People Know that,** the before cited subpoena was
served by authority and approval of A.D.A. Chelsea District Court, upon the Hon. Bankruptcy
Court, J.W. McCormack Post Office & Court House, 5 Post Office Square, 11'th Floor, Office of
the Clerks, suite 1150, Boston, Ma. 02109, as instrument of sufficient authority of law to be set
on the RECORD of the Court in Dkt# 11-13339 and Dkt# 12-01139.  Said instrument was
signed on 09 DECEMBER 2013 and successfully served on the Court 10 DECEMBER 2013.

PLAINTIFF 640 BEACH STREET TRUST

Rule 18 – Joinder of Claims

Under RESPA VIOLATIONS

***N.B. Boston Superior Court in Docket No. 2010-SU-0143***

61.    COUNT XIV RESPA VIOLATION - 27 APRIL 2012

62.    COUNT XIV - 24 JUNE 2010, RESPA VIOLATION, Trustee certifies this is a true
and accurate copy of consumer's "APPEAL" set on RECORD with Boston Superior Court in
Docket No. 2010-SU-0143, both served to HSBC BANK USA et al and filed with the Court on
or around 24 JUNE 2010.  The document is submitted herein as a RESPA VIOLATION exhibit
for Plaintiff TRUST-640.

63.    Trustee assert language contained in paragraphs numbered 6, 7, 8, 9 &10 (pgs 4&5) as
sufficient to evidence a qualified written consumer complaint and RESPA VIOLATION.  In the
interest in clarity, Plaintiff and Defendant names are inserted below.

*"6.    HSBC BANK USA et al do not deny that they made representations to
(Trustee) Larry Loew et al, that the Mortgage on the Locus was in loan
modification workout, up to January 28, 2010.*

*7.    HSBC BANK USA et al do not deny that they clearly stated to the
(Trustee) Larry Loew that the Mortgage was not in foreclosure, up to January 28,
2010.*

*8.    On January 28, 2010 HSBC BANK USA et al. maintain that they
unilaterally and without notice at the time, removed the Mortgage on the Locus
from loan modification.*

*9.    HSBC BANK USA et al. have stated that they purchased the property back
at an alleged foreclosure sale on February 1, 2010.*

*10.    Facts 6 through 9 go to the issue of BAD FAIH and violation(s) of law(s)
governing foreclosures."*

29

## STIPULATED ORDER FOR PERMANENT INJUNCTION § IV

VIOLATIONS CONTINUED WITH MENS REA

FURTHER HARMING THE MASSACHUSETTS CONSUMER-HOMEOWNERS.

64.    Continuing COUNTS, Plaintiffs assert herein that the before asserted counts of RESPA violations continues forward, per diem, from the calendar asserted by the Plaintiffs or alternatively, from the calendar date adjudicated by this Hon. Court.

65.    Continuing COUNTS, Plaintiffs assert herein these RESPA violation claims each support a COUNT of violation of **STIPULATED ORDER FOR PERMANENT INJUNCTION § IV** which continues on, per diem basis, from the date set forth in this complaint and/or as set forth by the Hon. Court.

        Plaintiff TRUST-641

66.    COUNT XV - 24 MAY 2017, **VIOLATION of STIPULATED ORDER § IV**. Conversion of a Debt Collector's BAD PAPER DEBT to CASH.  Defendants converted Defendant Green Tree's BAD PAPER, to $480,000.00 four hundred eighty thousand dollars collected in cash.  That is, $ 480,000.00 collected in cash by the party specifically named and enjoined by the CFPB & FTC, on a consumer loan paid down to ~ $183,000.00, secured by Mortgage with face value of only $285,000.00.

67.    COUNT XVI - 24 MAY 2017, **VIOLATION OF STIPULATED ORDER § IV** Fraud.  In service of this transaction, the Defendants both crafted and placed on the public RECORD Defendant's 'Massachusetts Foreclosure Deed'.   The Defendants sworn to as fact, Defendants collected $480,000.00 from Joshua C. Bloomberg of 2 Rollins Street unit #D501, Boston, Ma. 02118 Massachusetts.  Defendants placed this instrument on the RECORD on 24 MAY 2017 on REGISTRY of DEEDS, on BOOK: 57976, PAGE: 221.

68.    COUNT XVI - 24 MAY 2017, **VIOLATION of STIPULATED ORDER § IV**. Defendants effected this conversion as though neither the FTC & CFPB COMPLAINT or the **STIPULATED ORDER FOR PERMANENT INJUNCTION**, ever existed, and/or

alternatively; the **ORDER** had no legal authority once inside the Commonwealth of
Massachusetts.

69.    COUNT XVII - 24 MAY 2017, **VIOLATION of STIPULATED ORDER § IV**.
Defendants effected this conversion of BAD PAPER to cash, stepping around the consumer
complaint recorded on (Book: 57684, Page: 197), the FTC & CFPB COMPLAINT recorded on
(Book: 57684, Page: 203), and stepping around the **STIPULATED ORDER FOR
PERMANENT INJUNCTION, IV** set on the SUFFOLK COUNTY REGISTRY OF DEEDS
on (Book: 57684, Page: 245), all documents recorded on 17 MARCH 2017.

70.    COUNT XVIII - 24 MAY 2017, **VIOLATION of STIPULATED ORDER § IV**.
Defendants collected $480,000.00 cash through the creation and recording of an unsubstantiated
and defective instrument.  This

71.a.  The foreclosure deed created by the Defendants, an essential tool required to
effect conversion to cash, is [12]defective on the four corners of the document itself (see: Judicial
opinion on standard of review under MGL 244 § 14 adjudicated and made clear in the appeal of "Ibanez").  This
instrument fails to meet the threshold required by MGL 244 § 14 and fails to meet the standards
in law, necessary to overcome the Massachusetts' statute of fraud.

71.b.  Defendants' deed sets "Ditech Financial LLC f/k/a Green Tree Servicing LLC",
as the owner of the mortgage (assignment).

71.C.  The owner of the mortgage assignments, still resting on the RECORD of the
REGISTRY OF DEEDS is "Green Tree Servicing LLC".

71.d.  Defendant "Green Tree Servicing LLC" is enjoined from this very specific debt
collection practice.  The Defendant is further prohibited from transferring this interest by sale or
any other business transaction, or the use of a surrogate or agent acting in its stead, or by
transferring this interest to a subsidiary, or alternative company, owned or controlled by the
Defendant.

71.e.  "Ditech Financial LLC f/k/a Green Tree Servicing LLC" does not exist in fact or
in law. It is a corporate chimera, incorrectly relied upon as being an instrument in itself, to

---

[12] Judicial opinion on standard of review under MGL 244 § 14 adjudicated and made clear in Judicial Opinion
issuing forth in the matter of the appeal of "Ibanez

convey the mortgage ownership interest. On this it fails. No ownership interests can be conveyed in this manner on any instrument recorded on the REGISTRY OF DEEDS. To do so would significantly disrupt the RECORD of the REGISTRY OF DEEDS.

72.    COUNT XV - Violation of **STIPULATED ORDER § IV.** Unlawful forfeiture and seizure of Plaintiffs' income and property by use of instrument recorded on the SUFFOLK COUNTY REGISTRY OF DEEDS in Book: 57976, Page 221.

73.    COUNT XVI- Violation of **STIPULATED ORDER § IV.** Financial fraud.    The Defendants' effected an unjust gain of $480,000.00 which, in law & in equity, was actually collected against the ownership interest of the Plaintiff TRUST-641. The RECORD of the REGISTRY is clear on point. Relying on the integrity of the REGISTRY OF DEEDS itself, the Defendants recorded its defective instrument, effecting the unlawful seizure, possession, control and loss of all rental income of the Plaintiff TRUST-641 property on: 01 JUNE 2017. The harm of the Defendants' conduct, not only injures the Plaintiff TRUST-641, but flows directly to the tenant families, disturbing each tenant family's equitable right to the quiet enjoyment of their homes under their leasehold interest.

74.    COUNT XVI - Violation of **STIPULATED ORDER § IV.** Untruthful claims asserted in Court, in support of ongoing foreclosure actions taken in violation of **STIPULATED ORDER § IV.**  Defendants' continued to make substantial misrepresentations as arguments supporting the foreclosures they seek, such as the Defendant Green Tree is a LENDER, and has right to foreclosure collections on the Defendant's unsubstantiated mortgage default claims. Defendant GREEN TREE, no matter what moniker asserted, is not a LENDER, but as a matter full adjudicated in the **STIPULATED ORDER** is a Consumer Debt Collector.

75.    COUNT XVII Violation of **STIPULATED ORDER § IV.** Forfeiture and unlawful conveyance of property with substantial cash equity. One example being, Plaintiff TRUST-641 can set a minimum market value on the property fraudulent foreclosed on, as being at least ~ $720,000.00. This figure is substantiated by offer to purchase TRUST-643 property, submitted

32

from the same real estate speculator who obtained possession of 641 Beach Street, and the amount offered even in a distress sale for an identical property, also under threat of Defendants' foreclosure schedule.

76.    COUNT XVIII - Violation of **STIPULATED ORDER § IV.** Fraudulent conversion. Defendant Harmon Law, by use of a surrogate or perhaps its successor or assign, aggressively continues to execute a foreclosure sale & auction action on the BAD PAPER once held by Defendant CitiMTG Inc. and which now may be held by a CitiMTG Inc. surrogate, successor or assign. Defendants do so, knowingly stepping around the evidence of the consumer's HAMP MODIFIED MORTGAGE set on record of the Boston Superior Court Record on 15 MARCH 2013. Defendants cannot claim ignorance to the FACTS on RECORD and provided to them by the consumer. Defendants cannot escape the evidence that the original default claim was false or the FACTS evidencing that CitiMTG Inc. unlawfully set aside and failed to honor the consumer's HAMP MODIFIED MORTGAGE, which was in place and in good standing for two years and current up to the day it was abandoned by CitiMTG Inc.

        Plaintiff TRUST-6&8, TRUST-641, TRUST-643
77.    COUNT IXX, the Defendants continue to falsely report to all consumer credit reporting companies, that the consumer is in default on the loan and the mortgage is being foreclosed, further injuring the consumer.

78.    COUNT XX the Defendants continue in reckless abandon of the injury and harm suffered by the consumer as the direct consequence of their fraudulent reporting and unlawful foreclosure actions.

79.    COUNT XXI Violation of **STIPULATED ORDER § IV.** FRAUDULENT CONVERSION. Defendants Harmon Law, again seek unlawful profit, continue to aggressively engaged in consumer debt collections, foreclosure actions, false reporting to the credit reporting agencies, and ongoing harassment, on equally fraudulent mortgage default claims asserted by the Defendant Green Tree, against Plaintiff TRUST-643 and Plaintiff TRUST-641. Defendant Green Tree and Defendant Harmon Law have both been made aware, by the consumers, that the

fraudulent mortgage default claims were asserted as a direct result of the Defendant Green Tree setting aside the consumers' HAMP MODIFIED MORTGAGES.

80.    COUNT XXII Violation of **STIPULATED ORDER § IV.** FRAUDULENT CONVERSION. Defendants foreclosure efforts continue against Plaintiff TRUST-643.  In Hearing on the Defendant McCarter & English motion to dismiss the consumer's complaint in its entirety, Defendant Green Tree was misrepresented as the LENDER to the mortgage, a role clearly not found in language of the **ORDER**.  The Defendant as the Lender was well within its full right, it was argued, to seek through foreclosure and to be made whole, on Defendant's groundless assertion of an $8,000.00 escrow shortage, suddenly made by the Defendant in June 2015.  The Defendant admits the mortgage was current & without any arrearages of any kind in May 2015.  The amount the Defendant demanded to take the consumer's mortgage out of foreclosure, included the additional demand that the consumer also make a ~ $5,000.00 for both June and July 2015 mortgage payments.  The Defendant's demand for payment from the consumer that June 2015 came to the staggering total in excess of $13,000.00.  The numbers involved cannot be overlooked. The demand for $13,000.00 was made on the Defendants sudden need to be made whole on an escrow shortage suddenly appearing on June 2015 on consumer's HAMP MODIFIED MORTGAGE with principle and interest mortgage payments ~ $1,421.00 and on which the Defendant collected in excess of $2,500.00 a month. In context of these facts, the Defendant's claim falls short.

81.    COUNT XXI  Violation of **STIPULATED ORDER § IV.** Fraudulent conversion of property into cash by unlawful foreclosures. Defendant Green Tree and associates, knowingly undertake these consumer collections in open violation, and possible contempt, of the **STIPULATED ORDER**.  In this complaint, all People may rely on the facts asserted in the LIS PENDENS before cited, to establish that Defendant HARMON LAW has been notified of the **FTC & CFPB COMPLAINT** and **STIPULATED ORDER FOR PERMANENT**, yet continues without pause, in its foreclosure business. No Defendant can argue that they were ignorant of the **ORDER FOR STIPULATED ORDER** or failed to understand it as direct case law on point.

82.    COUNT XXII ongoing foreclosures taken with Mens Rea, in violation of

**STIPULATED ORDER § IV**. Even prior to the Hearing scheduled in Boston Superior Court on

28 SEPTEMBER 2017, on the Defendants motion to dismiss Plaintiff TRUST-643's consumer

complaint, the Defendant Harmon Law, Defendant Green Tree and Defendant McCarter &

English filed the requisite notice in Land Court weeks before, clearing the only significant legal

obstacle for the Defendants to foreclose.

PRAYERS

FOR IMMEDIATE RELIEF

Plaintiffs pray this Honorable Court for immediate Injunctive Relief

83.    PLAINTIFFS PRAY FOR IMMEDIATE RELIEF FROM THESE UNLAWFUL
CONSUMER DEBT COLLECTION business practices and PRAY for RELIEF for all Plaintiffs
named herein, in law and in equity.

83.a. PLAINTIFFS PRAY for a written ORDER, or Instrument, to issue forth from this
Hon. Court, to strike down this BAD PAPER or an ORDER or instrument to issue forth to void
or otherwise removed this BAD PAPER off of the RECORD OF THE REGISTRY OF DEEDS.

83.b. Alternatively, PLAINTIFFS PRAY for a Judgment and Order Set on the
RECORD of the REGISTRY forever silencing these unlawful consumer debt collections, or
alternatively deem such  mortgage assignments fraudulently obtained by fraudulent and
unsubstantiated mortgage default claims the  failed instrument they are, "BAD PAPER" still
resting on the REGISTRY of DEEDS, utilized in the enjoined unlawful consumer debt collection
practices.

84.    Plaintiffs pray immediate and equitable relief to clear TITLE on all affected properties.

85.    Plaintiffs pray that all mortgage assignments held by Defendant Green Tree,
fraudulently obtained by the Defendant's deceptive, illegal and unfair financial practices, be
stricken, removed or voided from all REGISTRY of DEEDS within this district.

86.    Plaintiff leave open the door to file motions for other equitable and reasonable relief.
Time is of the essence.  Consumer injury and substantial financial harm is not limited to the
Plaintiffs alone, but to ALL Massachusetts of the protected consumer class described in the
**STIPULATED ORDER**.

87.    Plaintiffs prays for Trial for civil monetary damages, to make the Plaintiffs whole.

36

88.    PRAYERS FOR RELIEF in EQUITY, to prevent and protect ongoing financial schemes and collections harming other potential investors and to prevent injury and harm flowing to the tenant families residing in the subject properties, the Plaintiffs pray for relief in equity law.

## TIME IS OF THE ESSENCE

Plaintiff TRUST-641,

89.    **TIME IS OF THE ESSENCE** - By the creation and recording by Defendant Harmon Law's unsubstantiated FORECLOSURE DEED, Defendants have tricked a Real Estate Investor, collecting $480,000.00 cash from same. Under an assumption that any document recorded on the REGISTRY is valid, this investor has taken possession and settled into the property.

90.    **TIME IS OF THE ESSENCE** for additional parties harmed.

90.a. Not only were the Plaintiffs harmed financially with the loss of their property and income, but the injury and harm flowed directly to the tenant families of 641 Beach Street Revere Ma. All tenancies were terminated and all apartments were vacated within the first 30 days the investor took possession of the property. One such family was ordered to move out of their apartment by the end of the first day the investor took possession.

90.b. Even prior to the investor taking possession, tenants were subject to threats, made on the street by this investor, that if they didn't pay their rent to him immediately, the investor would change the locks to their apartment the next day.

90.c.  As disturbing as these threats may be, they are not without foundation. Many such tenant families remain vulnerable to 24 evictions, by the power and authority of Executive Presidential Order presently relied upon by this real estate investor. To Wit:

See: **Executive Order: Enhancing Public Safety in the Interior of the United States**

- issued on 25 JANUARY 2017.

To wit:

*"Sec. 8. Federal-State Agreements. It is the policy of the executive branch to empower State and local law enforcement agencies across the country to*

*perform the functions of an immigration officer in the interior of the United States to the maximum extent permitted by law."*

90.d.   TIME IS OF THE ESSENCE.  Where once a tenant family was free, without question, to enjoy all equity rights held by them in a leasehold interest, many tenant families no longer are afforded this right.  Even residents who have legal immigration status are fully subject to this action.  With one single criminal allegation, such as 'resisting arrest' or 'assaulting a police officer', the resident could suffer the same injury.

90.e.    Numerous families, vulnerable to 24 hour evictions or; believing themselves to be so vulnerable, become easy prey to any real estate speculator who is both aware of this situation and willing to use it to their advantage.

90.f.    Plaintiff TRUST-643 prays for immediate relief, not only for itself but for all the tenant families residing in 643 Beach Street Revere Massachusetts.  The same real estate speculator, openly admits he is working in cooperation with Defendant Harmon Law to affect an unlawful foreclosure on this property as well.   The real estate speculator has questioned, and is no doubt aware, of the same vulnerability of these tenant families.

### IN LAW & IN EQUITY, LET ALL PEOPLE KNOW THAT,

90.g.  If this time table plays out fully, the harm to the tenant families will be beyond any equitable or financial relief which any Court of Law can render.  **TIME IS OF THE ESSENCE**.

91.    Plaintiffs again reference **STIPULATED ORDER FOR PERMANENT INJUNCTION §4** to assert that there is no need for Trial on the issues of facts. Defendant Green Tree waived all rights to appeal, found in paragraph 4 of the  **STIPULATED ORDER FOR PERMANENT INJUNCTION.**

92.    Plaintiff prays this Honorable Court, for a pre-Trial Hearing on a motion for immediate injunctive and financial relief to offset the significant legal fees, costs and losses, such as loss of rents, incurred as consequence of the Defendants' continuing violations of the **STIPULATED ORDER.**

MOTION FOR SPEEDY RELIEF FOR DAMAGES

PRAYERS FOR IMMEDIATE FINANCIAL RELIEF

93. Plaintiffs pray for immediate motion to recover a portion of financial costs directly resulting from Defendants' actions.

(i) Recovery of all reasonable legal fees incurred by the Plaintiffs, not to exceed $25,000.00 in each claim asserted and with claim asserted, for now, on cases Plaintiffs hired outside counsel.

(ii) Recovery of $25,000.00 fraudulently obtained by Defendants.

(iii) CEASE & DESIST ORDER to issue against Defendant Harmon Law, ending, or at least temporarily restraining, further conduct and collection actions taken against the Plaintiffs by the Defendant.

(iv) Immediate financial recovery for lost income directly resulting from unlawful seizure and possession of property of Plaintiff TRUST-641, from June 1, 2017 to this date, to be calculated on the monthly income of $ 5,800.00

(v) Immediate financial recovery for loss of rental income on all TRUST properties for November 2013, December 2013, January 2013, February 2013 and March 2013 calculated on monthly income of $19,800.00

## PRAYES FOR IMMEDIATE INJUNCTIVE RELIEF

94.    Plaintiffs pray to bring forward the FACTS of RECORD, so that all People may turn to and rely fully on long settled case law, documents, pleadings, facts etc. therein in any and all Plaintiff motions for Injunctive Relief. Plaintiffs pray to be heard on motion for injunctive relief to clear title of RECORD.

95.    Plaintiffs pray for immediate injunctive relief to forever end the Defendants continued foreclosure collections prosecuted in law, against all Plaintiff Parties.

96.    Plaintiffs pray for immediate injunctive relief granted by this Hon. Court, to end forever (i) the Defendants' enjoined consumer debt collection businesses, (ii) strike down Defendant Green Tree's fraudulently obtained mortgage assignments still resting on the REGISTRY OF DEEDS, (iii) strike down in all Courts of Law, within this District and subordinate to this Hon. Court, any and all enjoined collection action which the Defendants continue to prosecuted in law.

97.    In law & in equity, Let all People Know the intent of these prayers are for the same injunctive RELIEF already adjudicated, afforded to all United States Consumer-Homeowners, yet continues to be withheld even consumer-homeowners within Massachusetts.

98.    Defendant Green Tree, by **STIPULATED ORDER FOR PERMANENT INJUNCTION**, is enjoined from these consumer debt collection activities and/or assertions of collection demands predicated on the financial 'reckoning' made by Defendant Green Tree's

'back-end' consumer debt collectors. Defendant is further enjoined from reporting these disputed claims against the consumer to the Credit Reporting Agencies.

### PRAYERS TO THE COURT
### TO COLLECT & ESCROW

99.     Plaintiffs pray this this Hon. Court, to collect, escrow, and make available for financial for Plaintiffs' recover, the Defendant Harmon Law Inc. proffer to pay a sum of money believed owed by Defendants' own 'reckoning'. Amount: $ 79,362.84.

100.    Plaintiffs pray for a later hearing, or trial, for civil damages for the full financial harm and injury to the consumer caused in Defendant's RESPA violations and violations of the **STIPULATED ORDER § IV** accrued over years of such misconduct.

101.    Plaintiffs pray for any other financial relief to offset immediate costs and losses incurred, which this Honorable Court may award at this time.

# PRAYERS FOR PERMANENT INJUNCTIVE RELIEF & REMEDY AND FINAL AWARD
## OF CIVIL DAMAGES

*In Law and In Equity, Let all people know that;*

102.    *TIME IS OF THE ESSENCE FOR ALL PLAINTIFFS, AS EACH IS A MASSACHUSETTS CONSUMER-HOMEOWNER WHO WILL CONTINUE TO SUFFER INJURY AS RESULT OF THE DEFENDANTS' ONGOING UNLAWFUL & ENJOINED DEBT COLLECTION ATTEMPTS, SUCH AS THE CONTINUED REPORTING ON CONSUMER CREDIT REPORTS OF THE DEFENDANTS' UNSUBSTANTIATED MORTGAGE DEFAULT CLAIMS, FRAUDULENT FORECLOSURES, FRAUDULENT RECORDING OF DEFECTIVE FORECLOSURE DEEDS, CASH COLLECTIONS, RESULTING IN THE UNLAWFUL SEIZURE AND CONVERSION OF PLAINTIFFS' MASSACHUSETTS PROPERTIES.*

103.    *PLAINTIFFS CALL FORWARD AND MAKE CLAIM FOR THE FINANCIAL DAMAGES AS SET IN ALL CONSUMER COMPLAINTS (CITED BEFORE FOR EACH PLAINTIFF IN THIS COMPLAINT) - AS IT REMAINS A FACT OF RECORD THAT THESE DEMANDS WENT UNDEFENDED BY THE DEFENDANTS.*

104.    *PLAINTIFFS PRAY FOR ANY ADDDITIONAL CIVIL DAMAGES OR INJUNCTIVE RELIEF THIS HONORABLE COURT MAY FIND JUST OR NECESSARY TO MAKE THE PLAINTIFFS WHOLE.*

PRAYERS for RELIEF & REMEDY

in Law & in Equity

*of* Plaintiff TRUST-640

105.    Plaintiffs pray for Judgment & ORDER to issue of this Honorable Court that the transaction, set on the RECORD on 24 MARCH 2010, on the MASSACHUSETTS SUFFOLK COUNTY REGISTRY of DEEDS, BOOK: 46208, PAGE: 277, is adjudicated and judged to be unlawful and in violation of Federal statutes governing providers of consumer financial services and adjudicated to be a NULLITY IN LAW & IN EFFECT, and; further,

If such ORDER is found to be sufficient to restore title along with all rights of full ownership & possession to the Plaintiff Trust-640, then Plaintiff Trust-640 prays also for;

A.  Defendant Harmon Law to pay the harmed Consumer-Homeowner an  amount sufficient to pay in full, any and all tax bill, liens as well as any other potential liens to title which could cloud title.                                    $ 45,000.00

B.  Defendant Harmon Law to also pay the Plaintiff the full cost necessary to restore the property to the condition prior to the Defendants action, including, but not necessarily limited to, the cost to restore the original central a/c & heating units for each apartment and the cement hybrid siding.                    $ 85,000.00

C.  Defendant Harmon Law to also pay the Plaintiff the entirety of the lost income suffered as direct consequence of their action, set at:        $223,800.00

-----------------------------------------------------------------------------------------------------

Schedule of Rents - 640 Beach Street, Revere, Ma. 02151

2010, September 1 through December 31.
640 Beach Street - 1st floor unit  $ 900.00
640 Beach Street - 2nd floor unit  $ 900.00
640 Beach Street- 3rd floor unit  $ 450.00
                    *Monthly:$2,250.00 / sub-total:$9,000.00*

2011, January through December.
    640 Beach Street - 1st floor unit  $ 900.00
    640 Beach Street - 2nd floor unit  $ 900.00
    640 Beach Street- 3rd floor unit  $ 500.00
                    *Monthly:$2,300.00 / sub-total:$27,600.00*

2012, January through December.
        640 Beach Street - 1st floor unit     $ 950.00
        640 Beach Street - 2nd floor unit     $ 950.00
        640 Beach Street- 3rd floor unit     $ 500.00
                    *Monthly:$2,400.00 / sub-total:$28,800.00*

2013, January through December.
        640 Beach Street - 1st floor unit     $ 950.00
        640 Beach Street - 2nd floor unit     $ 950.00
        640 Beach Street- 3rd floor unit     $ 500.00
                    *Monthly:$2,400.00 / sub-total:$28,800.00*

2014, January through December.
        640 Beach Street - 1st floor unit     $ 1,000.00
        640 Beach Street - 2nd floor unit     $ 1,000.00
        640 Beach Street- 3rd floor unit     $   550.00
                    *Monthly:$2,550.00 / sub-total:$30,600.00*

2015, January through December.
        640 Beach Street - 1st floor unit     $ 1,050.00
        640 Beach Street - 2nd floor unit     $ 1,050.00
        640 Beach Street- 3rd floor unit     $   550.00
                    *Monthly:$2,650.00 / sub-total:$31,800.00*

2016, January through December.
        640 Beach Street - 1st floor unit     $ 1,200.00
        640 Beach Street - 2nd floor unit     $ 1,200.00
        640 Beach Street- 3rd floor unit     $   600.00
                    *Monthly:$3,000.00 / sub-total:$36,000.00*

2017, January through December.
        640 Beach Street - 1st floor unit     $ 1,400.00
        640 Beach Street - 2nd floor unit     $ 1,400.00
        640 Beach Street- 3rd floor unit     $   600.00
                    *Monthly:$3,400.00 / sub-total:$40,800.00*

                  *TOTAL OF LOST RENTS ACCRUED:       $223,800.00*

D.    Damages awarded to the consumer harmed by the Defendants reporting the foreclosure to the consumer reporting agencies, set in section **VIII  DAMAGES § 3** of the Plaintiffs' complaint on RECORD of the Suffolk Superior Court Dkt# 2010-1600-C, For $ 10,000,000.00.

Or ALTERNATIVELY;

106.    If such an ORDER proves to be outside of the Judicial authority of this Honorable Court, or insufficient to restore title along with full ownership & possession to the Plaintiff Trust-640, then a Judgment and ORDER to be entered in favor of the Plaintiffs against the Defendants, for the full amount asserted for damages on RECORD of the Court in Plaintiffs' consumer complaint (Suffolk Superior Court Dkt# 2010-1600-C) set in section **VIII DAMAGES** therein, which effectively remains unchallenged on RECORD, of:   $10,426,806.57 along with lost rents accrued since that time of $223,800.00, for a total of

$10,650,606.57.

PRAYERS for RELIEF & REMEDY

in Law & in Equity

*of* Plaintiff TRUST-641

*See:* [13] *"Related consumer action"* on the RECORD in ***Suffolk Superior Court, Docket # SUCV-2015-2627-B*** .

107. Plaintiffs pray for Judgment & ORDER to issue from this Honorable Court that the transaction, set on the RECORD on 24  MAY 2017  on the MASSACHUSETTS SUFFOLK COUNTY REGISTRY of DEEDS, BOOK: 57978, PAGE: 221, is adjudicated and judged to be unlawful,  in violation of the STIPULATED ORDER § IV, and a NULLITY IN LAW & IN EFFECT.

  and; further,

If such ORDER is found to be sufficient to restore title along with all rights of full ownership & possession to the Plaintiff Trust-641, then Plaintiff Trust-641 also prays also for;

  A.  Defendant Harmon Law to pay the harmed Consumer-Homeowner an  amount sufficient to pay in full, any and all tax bill, liens as well as any other potential liens to title which could cloud title.                          $ 5,000.00

  B.  Defendant Harmon Law to also pay the Plaintiff the full cost necessary to restore the property to the condition prior to the Defendants action.      $ 35,000.00

  C.   Defendant Harmon Law to pay to each tenant family  displaced as a result of the Defendants fraudulent foreclosure action, $15,000.00 for each totaling $60,000.00

Or ALTERNATIVELY;

---

[13] **STIPULATED ORDER § DEFINITIONS §7**

108.    If such an ORDER proves to be outside of the Judicial authority of this Honorable Court, or insufficient to restore title along with full ownership & possession to the Plaintiff Trust-641, then a Judgment and ORDER to be entered in favor of the Plaintiffs against the Defendants,

| | | |
|---|---|---|
| a. | for the market value of the Locus, | $ 1,050,000.00 |
| b. | to the residents harmed, | $ 60,000.00 |
| c. | loss of rents, | $ 34,800.00 |
| c. | Individual consumer harmed as mortgagor | $ 3,000,000.00 |
| | totaling | $ 4,244,800.00 |

47

PRAYERS for RELIEF & REMEDY

in Law & in Equity

*of* Plaintiff TRUST-643

See: [14] *"Related consumer action"* on the RECORD in *Suffolk Superior Court, Docket # 1784-CV-00569-F.*

109.    Plaintiffs pray for a CEASE & DESIST ORDER to issue from this Honorable Court, to forever end the unlawful and enjoined consumer debt collection practices of the Defendant Harmon Law, Harmon Law & Associates, and/or Defendant Green Tree, also found on the before cited RECORD.

Or ALTERNATIVELY;

110.    If such an ORDER proves to be outside of the Judicial authority of this Honorable Court, or insufficient to restore title along with full ownership & possession to the Plaintiff Trust-643, then a Judgment and ORDER to be entered in favor of the Plaintiffs against the Defendants,

| | | |
|---|---|---|
| a. | for the market value of the Locus, | $ 1,050,000.00 |
| b. | damage to consumer harmed as mortgagor | $ 3,000,000.00 |
| | = | $ 4,050,000.00 |

---

[14] **STIPULATED ORDER § DEFINITIONS §7**

PRAYERS for RELIEF & REMEDY
in Law & in Equity
*of* Plaintiff TRUST-6&8

See: "*Related consumer action*" on RECORD *Suffolk Superior Court, Docket No. SUCV 2011-04704.*

111.    Plaintiffs pray for a CEASE and DESIST ORDER to issue against Defendant Harmon Law and Defendant Harmon Law & Associated to forever end the Defendants relentless and unlawful foreclosure actions and other fraudulent consumer debt collection practices.

112.    Plaintiff TRUST-6&8 prays to be made whole by a Judgment and ORDER to be entered in favor of the Plaintiffs against the Defendants, for the full amount asserted for damages on RECORD of the Court in Plaintiffs' consumer complaint in Suffolk Superior Court Dkt# 2011-04704, which remains unchallenged and undefended as a FACT on RECORD,

of:                                                        $21,000,000.00

PRAYERS for RELIEF & REMEDY

in Law & in Equity

*of* Schedule ix Beneficiaries

*See: Suffolk Superior Court, Docket # SUCV-1014-01826 .*

113. Plaintiff schedule ix beneficiaries prays for a CEASE and DESIST ORDER to issue against the Defendant Harmon Law, Defendant Harmon Law & Associates, and/or Defendant Green Tree, to end all consumer debt collection practices prosecuted against Plaintiffs.

114. CEASE and DESIST ORDER to forever end all consumer debt collection practices prosecuted against the Plaintiffs by all additional consumer debt collectors engaged to do so by the Defendant Harmon Law.

115. PERMANENT RESTRAINING ORDER to issue against Defendant Harmon Law and Defendant Harmon Law & Associates, preventing any further contact, service, harassment, threats, intimidation which Defendants continue to prosecute against Plaintiffs individually.

116. $ 127,000.00 awarded as civil damages, paid by Defendant Harmon Law and Defendant Harmon Law & Associates to schedule ix beneficiary to reimburse the monies awarded to her in the settlement of German legal claim on the proceeds from the sale of a building once belonging to her family in East Berlin, seized during W.W.II.

117.   $ 43,000.00 award of civil damages to be paid by Defendant Harmon Law and Defendant Harmon Law & Associates to schedule ix beneficiary to reimburse monies paid from her life savings to maintain the Trust properties.

118.   $ 25,000.00 award of civil damages to be paid by Defendant Harmon Law and Defendant Harmon Law & Associates to the schedule ix beneficiaries to reimburse settlement extorted from the Plaintiffs in the before cited prosecution of Defendants fraudulent claims.

119.   Immediate financial recovery for loss of rental income on all TRUST properties for November 2013, December 2013, January 2013, February 2013 and March 2013 calculated on monthly income of $19,800.00 resulting by the Defendant Harmon Law and Harmon Law & Associates fraudulent prosecution taken without just cause against the property manager of the Trust Properties and on RECORD, totaling                    $ 99,000.00
*(see:  U.S. BANKRUPTCY COURT, EASTERN DIVISION Dkt# 11-13339 and Dkt# 12-01139 in direct interference with Chelsea District Court Docket # 09-14-CR-2728)*

120.   $ 1,000,000.00 award of civil damages to be paid by Defendant Harmon Law and Defendant Harmon Law & Associates to schedule ix beneficiary to make her whole from the years of emotional trauma intentionally inflicted by the Defendants unlawful and fraudulent debt collection practices prosecuted, without cause and without mercy, directly against her individually.

121.    Plaintiffs pray for the same, or substantially similar, relief for same reasons prayed for

by the FTC & CFPB.  Plaintiff assert those reasons and prayers as though written in their entirety

herein by them.  These reasons and prayers include, but are not limited to:

To Wit:

(i) **"CONSUMER INJURY**

*Consumers have suffered, and will continue to suffer, substantial injury as a result of Green Tree's violations of Section 5(a) of the FTC Act, Sections 1031 and 1036(a)(1)(B) of the CFPA, the FDCPA, the FCRA, and RESPA, as set forth above.  In addition, Green Tree has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Green Tree is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.*  "

(ii) **THIS COURT'S POWER TO GRANT RELIEF**

*Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is empowered to grant permanent injunctive relief and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC, including the FTC Act, the FDCPA, and the FCRA.  The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, the disgorgement of ill-gotten monies, and the costs of pursuing this action, to prevent and remedy any violation of any provision of law enforced by the FTC.*
*166. Under Section 1055 of the CFPA, 12 U.S.C. § 5565, this Court has "jurisdiction to grant any appropriate legal or equitable relief with respect to a violation of Federal consumer financial law . . ." including the CFPA, the FDCPA, the FCRA, and RESPA.  12 U.S.C. § 5565(a)(1).  This relief includes rescission, refund of moneys, restitution, disgorgement or compensation for unjust enrichment, payment of damages or other monetary relief, public notification regarding the violation, limits on the activities or functions of the person, and civil money penalties.  12 U.S.C. § 5565(a)(2).  In addition, the CFPB may recover its costs in connection with the action, if it is the prevailing party.  12 U.S.C. § 5565(b).*

(iii) **PRAYER FOR RELIEF** , set herein as Prayers for RELIEF made in Plaintiffs' name.

*Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 814(a) of the FDCPA, 15 U.S.C. §1692l(a), Section 621(a) of the*

*FCRA, 15 U.S.C. § 1681s(a), and the Court's own equitable powers; and Plaintiff CFPB, pursuant to Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565, Section 814(b)(6) of the FDCPA, 15 U.S.C. §1692l(b)(6), Section 621(b)(1)(H) of the FCRA, 15 U.S.C. § 1681s(b)(1)(H), Section 6 of RESPA, 12 U.S.C. § 2605, and the Court's own equitable powers, request that the Court:*

*A. Permanently enjoin Green Tree from committing future violations of the FTC Act, the CFPA, the FDCPA, the FCRA, and RESPA;*
*B. Award such relief as the Court finds necessary to redress injury to consumers resulting from Green Tree's violations of the FTC Act, the CFPA, the FDCPA, the FCRA, and RESPA, including but not limited to rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;*
*C. Award Plaintiff CFPB civil money penalties for Green Tree's violations of the CFPA, the FDCPA, the FCRA, and RESPA;*
*D. Award Plaintiffs the costs of bringing this action; and*
*E. Award additional relief as the Court may determine to be just and proper."*

Humbly submitted ____8ᵗʰ____ day of ____December____ 2017,

On behalf of the Plaintiff Parties,

Larry Loew pro se and as he is Trustee for each Plaintiff TRUST,

237 Chestnut Hill Avenue, in the Brighton district of Boston, Massachusetts. 02135-5904

Cell no. (617) 823-2042, Fax no. (617) 307-7070, Email address LLOEW@me.com

Trustee,
*By authority invested in him by Trust, in TRUSTEE CERTIFICATE or by DECLARATION OF TRUST placed on the PUBLIC RECORD of the -*

### *SUFFOLK COUNTY REGISTRY OF DEEDS*
### *Of the COMMONWEALTH OF MASSACHUSETTS,*

| For, | on, | |
|---|---|---|
| 643 BEACH TRUST, | Book: 7263, | Page: 141 |
| 6 & 8 NAHANT TRUST | Book: 89739 | Page:309 |
| 640 BEACH STREET TRUST | Book: 41121 | Page: 113 |
| 641 BEACH STREET TRUST | Book: 48553 | Page:309 |

# Commonwealth of Massachusetts

County of _SUFFOLK_

On this ___8th___ of ___DECEMBER___, 20 __17__, before me, the undersigned
notary public, personally appeared Larry Loew, proved to me through satisfactory evidence
of identification, which were a valid Massachusetts Driver's license and Trustee
Certificate, to be the person whose name is signed on the preceding document, and
acknowledged to me that he signed it voluntarily for its stated purpose and who swore or
affirmed to me that the contents of the document and the exhibits submitted therein, are
truthful and accurate to the best of his knowledge and belief.

Larry Loew,
Trustee & Pro se

Signed both as (i) an individual, Pro se and as, (ii) Trustee of RECORD for the below cited
Trusts, set on the book and page numbers also referenced below and found on the
RECORD of the SUFFOLK COUNTY REGISTRY OF DEEDS

| | | |
|---|---|---|
| 643 BEACH TRUST, | Book: 7263, | Page: 141 |
| 6 & 8 NAHANT TRUST, | Book: 89739, | Page: 309 |
| 640 BEACH STREET TRUST, | Book: 41121, | Page: 113 |
| 641 BEACH STREET TRUST, | Book: 48553, | Page: 309 |

(seal, if available)    Notary Public Signature: _Bethany Holliday_

Printed name: _Bethany Holliday_

My Commission expires on: _Sept 20, 2024_

BETHANY PAIGE HOLLIDAY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sept. 20, 2024