UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:17-CV-12385-DJC

LARRY LOEW TRUSTEE & PRO SE,
641 BEACH STREET TRUST,
643 BEACH TRUST,
6 & 8 NAHANT TRUST.
640 BEACH STREET TRUST,
SCHEDULE IX TRUST BENEFICIARIES,
PROTECTED CLASS OF MASSACHUSETTS
CONSUMER-HOMEOWNERS,

        Plaintiffs,

v.

GREEN TREE SERVICING LLC
IT'S SUCCESSORS & ASSIGNS,
DITECH MORTGAGE CORP,
DITECHMORTGAGE CORP. f/k/a GREEN TREE
SERVICING LLC,
GREEN TREE AND ASSOCIATES,
HARMON LAW OFFICES, P.C. AND ITS
SUCCESSORS & ASSIGNS,
HARMON LAW & ASSOCIATES,
CITIMORTGAGE INC. AND ITS SUCCESSORS AND
ASSIGNS,
HSBC BANK USA, et al a.k.a. HARMON LAW,

        Defendants.

## DEFENDANT HARMON LAW OFFICES, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

      Now comes the Defendant, Harmon Law Offices, P.C. ("Harmon")(also incorrectly

named as "Harmon Law & Associates" and "HSBC Bank USA, et al a.k.a Harmon Law" in the

Plaintiff's Complaint), and hereby moves this Honorable Court to dismiss Plaintiff's complaint

pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to

Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.  SUMMARY OF RELEVANT FACTS

The Plaintiff, Larry Loew ("Loew"), filed this frivolous lawsuit against Harmon and the

Defendant banks in an effort to contest the validity of two foreclosure sales of properties that he

used to own.  After all of the rhetoric and legal arguments are set aside, the simple facts are as

follows:

**Property:  6-8 Nahant Avenue, Revere, MA**

On December 27, 2011, Loew filed suit in Suffolk Superior Court against CitiMortgage,

Inc. and Harmon in an effort to prevent the foreclosure of his property located at 6-8 Nahant

Avenue, Revere, MA.  A true and accurate copy of Suffolk Superior Court complaint, Docket

#1184CV04704 is attached hereto as Exhibit A[1].  As Harmon was merely the attorney that was

representing CitiMortgage, Inc. in the foreclosure, Harmon moved to dismiss Loew's complaint

on the grounds that it failed to state a claim against Harmon.  On March 15, 2013, the Superior

Court allowed Harmon's motion to dismiss.  On March 18, 2013, the Superior Court entered

Judgment for Harmon on its motion to dismiss.  A true and accurate copy of the docket report for

Suffolk Superior Court case #1184CV04704 is attached hereto as Exhibit B.

---

[1] The Court can take judicial notice of Exhibits A through F.  These documents are public records, the authenticity of which the Plaintiff cannot dispute, and for this reason can be considered without converting this motion into one for summary judgment.  *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 67 (1st Cir. 2003).

**Property:  641 Beach Street, Revere, MA**

On August 21, 2015, Loew filed suit in Suffolk Superior Court against Green Tree Lending Services ("Green Tree") and Harmon in an effort to prevent the foreclosure of his property located at 641 Beach Street, Revere, MA.  A true and accurate copy of Suffolk Superior Court complaint, Docket #1584CV02627 is attached hereto as Exhibit C.  Again, since Harmon was merely the attorney that was representing Green Tree in the foreclosure, Harmon filed a motion to dismiss Loew's complaint on the grounds that it failed to state a claim against Harmon.  On July 6, 2016, the Superior Court allowed Harmon's motion to dismiss.  On September 21, 2016, the Superior Court entered Judgment for Harmon on its motion to dismiss. A true and accurate copy of the July 6, 2016 Memorandum of Decision and Order, the Final Judgment and the docket report for Suffolk Superior Court case #1584CV02627 are attached hereto as Exhibit D.

**Current Action**

Loew claims in this case that Green Tree and Harmon have violated a "Stipulated Order for Permanent Injunction and Monetary Judgment" ("Consent Order") that Green Tree entered into in the case of *Federal Trade Commission et al v. Green Tree Servicing*, LLC, Docket # 15CV02064 that was filed in the United States District Court of Minnesota.  A copy of the Consent Order is attached to the Plaintiff's Complaint at Exhibit One.  Loew mistakenly believes that Green Tree could not foreclose on his properties because of the Consent Order and believes Harmon is liable for damages for representing Green Tree in the foreclosures.

Loew's claims against Harmon fail because Loew did not seek to appeal Harmon's judgments of dismissal in any of the cases that he has filed against Harmon.  Those judgments are final and Loew's current claims are barred by the Rooker-Feldman Doctrine and res judicata.

Furthermore, Green Tree was entitled to foreclose on Loew's properties because of Loew's

default of the mortgages and they did not violate the Consent Order.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

The standard for dismissal under Fed.R.Civ. P.12 (b)(6) is set forth in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  At the pleading stage, the plaintiff may not rest on "formulaic

recitation of the elements of a cause of action."  *Id*. at 555.

Pursuant to Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of

the claim showing that the pleader is entitled to relief."  In explaining the meaning of the

pleading requirement under Rule 8, the Supreme Court held that "[a] plaintiff's obligation to

provide "grounds" for his "entitle[ment] to relief" requires more than labels and conclusions"

and "factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

at 1954-1965.  Failure to meet the pleading standard will result in the dismissal of the claims.  *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 129 S.

Ct. 1937, 1949 (2009) (explaining the pleading standard articulated in *Twombly*).

"In considering the merits of a motion to dismiss, the court may look only to the facts

alleged in the pleadings, documents attached as exhibits or incorporated by reference in the

complaint and matters of which judicial notice can be taken."  *United States Securities and*

*Exchange Commission v. Tambone*, 417 F. Supp. 2d 127, 130 (D. Mass., 2006), citing *Nollet v.*

*Justices of the Trial Court of Mass.*, 83 F. Supp. 204, 208 (D. Mass. 2000).

As Harmon Law Offices, P.C. will demonstrate, this Court does not have subject matter jurisdiction to hear this matter due to the Rooker-Feldman Doctrine.  Even if the Court believes it has jurisdiction, Loew's Complaint should be dismissed on res judicata grounds.  Furthermore, Loew has not set forth any plausible facts that suggest an entitlement to relief for any of his claims.  Therefore, Harmon Law Offices, P.C.'s motion to dismiss should be allowed.

## B.  LOEW'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE.

Due to the fact that judgments have already been issued by the Suffolk Superior Court and were not appealed, Loew's complaint should be dismissed in accordance with the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which together stand for the proposition that lower federal courts lack subject matter jurisdiction to sit in appellate review of state court judgments.  As stated, the *Rooker-Feldman* Doctrine "stands for the idea that the lower federal courts may not act as an appellate court with respect to state court decisions." *In re Zambre*, 306 B.R. 428, 432 (Bankr. D. Mass. 2004).

The doctrine "bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Furthermore, the doctrine "precludes courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court action." *In re Zambre*, 306 B.R. at 432.

In this case, final judgments were issued by the Suffolk Superior Court granting Harmons' Motions to Dismiss.  Loew did not appeal the dismissals of his claims against Harmon[2].  Failure to file a timely notice of appeal from the allowance of a motion to dismiss renders that decision final.  *Fergione v. Minuteman Regional Vocational Technical Sch. Dist.*, 396 Mass 1015, 1015 (1986).  Following this reasoning, this Court cannot now consider Loew's claims that were dismissed by the state court as it would be in contradiction to the purpose of the *Rooker-Feldman* doctrine.

As stated above, the *Rooker-Feldman* doctrine is applicable, this Court does not have subject matter jurisdiction, and Harmon's motion to dismiss should be granted.


## C.  LOEWS CLAIMS ARE BARRED BY RES JUDICATA.

Loew's claims are also barred by the doctrine of res judicata.  The First Circuit has described res judicata as having two different aspects – claim preclusion and issue preclusion.  *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 30 (1st Cir. 1994).  Claim preclusion applies when the following exist: "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits." *Grella*, 345 F.3d at 30.  "Once these elements are established, claim preclusion also bars the relitigation of any issue that was, or *might have been,* raised in respect to the subject matter of the prior litigation." (Emphasis added)  *Id*.

Issue preclusion bars the relitigation of factual or legal disputes decided in earlier litigation between the same parties, whether or not the same claim was involved. *Id*.  The essential elements of issue preclusion are: "(1) the issue sought to be precluded must be the same

---

[2] Loew did file a notice of appeal in Suffolk Superior Court case, docket #1184CV04704.  However, the appeal was dismissed for Loew's failure to comply with court rules.  A copy of the Notice of Dismissal of the appeal is attached

as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." However, with respect to the second element, "[a]n issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.*

The doctrine of res judicata basically provides that "[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the re-litigation not only of issues which were actually litigated in the first action, but also of all grounds of claims and defenses which might have been properly litigated in the first action but were not litigated or decided." *Albano v. Norwest Financial Hawaii, Inc.* 244 F.3d 1061, 1063 (Hawaii 2001), citing *Ellis v. Crockett,* 51 haw. 45, 55, 451 F.2d 814, 822 (1969).

The elements of res judicata have all been met in this action. Loew's claims in this matter are a mirror of the claims that he raised in the Suffolk Superior Court actions, namely that Harmon proceeded with an unlawful foreclosure. Even though Loew did not raise the Consent Order in his complaint, Loew raised the Consent Order and claims that Green Tree and Harmon could not foreclose because of it in his opposition to Harmon's motion to dismiss in the Suffolk Superior Court case, Docket #1584CV02627. A copy of Loew's opposition to Harmon's Motion to Dismiss in Suffolk Superior Court case, Docket #1584CV02627 is attached hereto as Exhibit F. In light of this argument, the Suffolk Superior Court still allowed Harmon's motion to dismiss.

---

hereto as Exhibit E.

A final judgment was issued by the Suffolk Superior Court in both cases and Loew did not seek to appeal those judgments.  The parties are identical, except that Loew has added a number of other parties in this case that he alleges are part of a conspiracy to take his property. Therefore, since all of the elements have been met, Loew's claims are barred by the doctrine of res judicata.

## D.  THE CONSENT ORDER DOES NOT PREVENT GREEN TREE FROM FORECLOSING ON VERIFIED DEFAULTED MORTGAGES

The Consent Order allows Green Tree to foreclosure of mortgages that Green Tree can certify are in default.  See copy of the Consent Order attached to the Plaintiff's Complaint at Exhibit One.  Other than mentioning the Consent Order, Loew does not state, nor can he, that his loans and mortgages were not in default.  Therefore, Green Tree was entitled to move forward with foreclosures of Loew's properties.  Since Green Tree has not violated the Consent Order, Harmon, as their attorney, cannot be deemed to have violated the Consent Order.

## III.  CONCLUSION

This Court does not have subject matter jurisdiction under the *Rooker-Feldman* Doctrine and therefore Loew's complaint should be dismissed as to Harmon pursuant to Fed.R.Civ.P. 12(b)(1).  The Complaint should also be dismissed on res judicata grounds.  Finally, Loew has not set forth any plausible facts that suggest an entitlement to relief for any of his claims and the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

WHEREFORE, Harmon respectfully requests that its Motion to Dismiss be allowed and that it be granted such further relief as is just and proper.

Respectfully submitted,
**HARMON LAW OFFICES, P.C.**
By its attorneys,

/s/ Kurt R. McHugh, Esq.

Kurt R. McHugh, Esq.
BBO # 654835
HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA 02458
Phone: (617) 558-8435
Fax: (617) 243-4038
Dated: January 29, 2018                              kmchugh@harmonlaw.com

## CERTIFICATE OF SERVICE

I, Kurt R. McHugh, hereby certify that on January 29, 2018 the Harmon Law Offices,

P.C.'s Memorandum in Support of its Motion to Dismiss was filed through the ECF system and

will be sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF) and paper copies will be sent to those indicated as non-registered participants:

Larry Loew
237 Chestnut Hill Avenue
Boston, MA 02135

/s/ Kurt R. McHugh,
Kurt R. McHugh, Esq.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT

                                     CIVIAL ACTION# _11·47404·D_

```
                              *
Larry Loew                    *
                              *
                              *
                              *
        Plaintiff,            *
                              *
V.                            *
                              *
                              *      PLAINTIFF'S VERIFIED COMPLAINT
CITIMORTGAGE INC.             *
HARMON LAW                    *
IRVING SCHECTMAN & CO., INC   *
                              *
                              *
                              *
        Defendant(s).         *
                              *
```

## LET ALL PERSONS KNOW THAT:

### I  Time is of the Essence

CitiMortgage Inc. has scheduled a foreclosure sale on the Locus for
Wednesday December 28, 2011 AT 1:00PM

### II  INTRODUCTION

Now comes the party Larry Loew as Plaintiff, to address the honorable court and make his

claim(s) against the Defendant, CitiMortgage Inc, et al, of:

1. Ongoing attempt to conduct an improper, invalid and possibly illegal foreclosure and

   foreclosure sale of 6 & 8 Nahant Avenue, Revere, Ma. 02151,



EXHIBIT
A

2.  Unfair and Deceptive business practices  and;

3.  Damages resulting thereof.

## III PARTIES

Larry Loew -                          Mortgagor of the old Mortgage on Locus,

                                      Debtor of the New Loan / Mortgage

                                      Herein after identified as the : "Plaintiff"

CitiMortgage Inc. -                   Mortgagee by assignment and

                                      Creditor of the New Loan / Mortgage

                                      Herein after identified as the : "Defendant"

Harmon Law -                          Legal Counsel and name co-conspirator

                                      In illegal and deceptive business practices

                                      Herein identified as : "Co-Defendant"

IRVING SCHECTMAN & CO., INC           Auctioneer on the Locus and named co-

                                      Conspirator in illegal & deceptive business practices

                                      Herein identified as : "Co-Defendant"

Locus -                               6 & 8 Nahant Avenue, Revere, Ma. 02151

The Original Loan-                    The Original Loan / 1st mortgage on the Locus

The New Loan-                    The Agreed to "LOAN MODIFICATION"

                                 A New Loan / Mortgage


## IV FACTS NOT IN DISPUTE


1. The Defendant, allegedly held by assignment, the first Mortgage of $ 425,000.00 on the "Locus".


2. The Plaintiff applied for and the Defendant approved a "Loan Modification" and submitted the document(s) for the New Loan / Mortgage to the Plaintiff.


3. The New Modified Loan / Mortgage was drafted with:

      (i) a new principle,

      (ii) a new interest rate and

      (iii) new monthly payment amount(s),

      (iv) new period of the loan with new termination date


4. The Plaintiff agreed to the new terms and conditions of the New Loan / Mortgage with the Defendant.  The Plaintiff signed and returned said new Loan / Mortgage Agreement.


5. After accepting payment(s) on the New Loan / Mortgage, the Defendant informed the Plaintiff that they had "Lost" this new Loan / Mortgage by 'keying it in wrong'.

6.  The Defendant continued accepting payments from the Plaintiff and, at all times during this process, the Plaintiff remained current with payments and paid all payments requested by the Defendant.

7.  The Plaintiff made multiple GOOD FAITH attempts to re-submit the Loan Modification Application to aid the Defendant in correcting their mistake.

8.  On or around July 2001, the Defendant approved a second Loan Modification Application, stating that the new loan documents would be submitted to the Plaintiff at the end of July 2009.

9.   The Defendant failed to submit the second New Modified Loan / Mortgage Agreement document to the Plaintiff, stating initially that the Defendant was 3 to 4 months behind in their paperwork.

10.  The Defendant never produce the 2nd New Modified Loan Agreement document(s), and informed the Plaintiff that this 2nd New Loan / Mortgage Modification Agreement had also been 'lost' by them.

11.  The Plaintiff in GOOD FAITH again re-submitted the Loan Modification Application and was finally informed by the Defendant that the Investor, Freddie Mac, had rejected the Loan Modification because too much principle was owed on the note.

12.  The Plaintiff, in performing his due diligence with regard to the above statement made by the Defendant, was informed by the Defendant that ALL of the earlier PAYMENTS made from 2008 to 2011,  were NOT APPLIED to any Mortgage, new or old.  In addition, the Defendant reported to the Plaintiff that these payments were NOT REPORTED by the Defendant to any party, including the Investor Freddie Mac and that the payments DID NOT SHOW IN THEIR RECORDS at that time.

13.     The Plaintiff asked for a full accounting of his payments made to the Defendant and NEVER received said accounting.

14.  At all times during this process, The Plaintiff kept current with the mortgage payments requested by the Defendant.

15.  In or around February 2011, the Defendant refused to accept any further payments from the Plaintiff, returning the Plaintiff's February 2011monthly payment made in the form of a Certified Bank Check.

16.  The Defendant began foreclosure proceedings.

17.  The Plaintiff again asked for a full accounting of those payments made by him to the Plaintiff.

18.  The Defendant refused and/or could not provide the accounting of the Plaintiff's payments.

19.  <u>The Plaintiff never placed the New Loan / Mortgage on record.</u>

20.  The Plaintiff, in GOOD FAITH, continued to alert the Plaintiff to what might prove to be a 'systemic' error(s) in their accounting and loan modification process. Said possible systemic errors included, but not be limited to:

     (i) the LOSS of records of all payments made from 2008 to February 2011,

     (ii) the LOSS of the actual payments

     (ii) the LOSS of not one, but two, approved loan modifications,

     and;

     (iii) the LOSS of THE ACTUAL NEW LOAN / MORTGAGE.

21.  The Defendant's errors were never corrected, nor was the Plaintiff made aware of any GOOD FAITH attempt(s) to do so.

22.  The Defendant failed to respond and continued with their foreclosure action(s).

23.  The Plaintiff served the Defendant's legal counsel a written M.G.L. 93(a) complaint

24.  ALL of The Plaintiff's GOOD FAITH offer(s) to resolve this matter with the

Defendant, and offer(s) to continue to make payments on the New Loan / Mortgage, were rejected by the Defendant.

25. The Plaintiff filed for and received a Chapter 7 Discharge for the Eastern Division of the Massachusetts Federal Bankruptcy Court on September 22, 2010 (see exhibit B)

## V    FACTS FOR A JURY TO DETERMINE

Having approved a New Modified Loan Agreement / Mortgage, and having accepted payments on same, does the Defendant, enjoy the right and privilege to :

(i)    Fail or refuse to record the New Loan / Mortgage Agreement;

(ii)   Lose and then ignore the New Loan / Mortgage Agreement as though it was non-existent

(iii)  Refuse all GOOD FAITH offers of the Plaintiff to honor the New Loan / Mortgage and to make the Defendant whole by any and all means necessary

(iv)   To foreclose on the Locus, utilizing the older invalid recorded mortgage.

## VI CLAIMS

### FIRST CLAIM

## A NEW COVENANT BETWEEN PARTIES WAS CREATED

Plaintiff herein states: FACTS NOT IN DISPUTE  1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

    (A)  The Defendant created and submitted a new Modified Loan / Mortgage Agreement with different terms and conditions, constituting a New Covenant between parties.

    (B)  The new Loan Mortgage Agreement's *new* terms and conditions, included but were not limited to :

1. Different Principle amount

2. Different interest rate

3. Different monthly payments

4. Different beginning and termination date of Loan / Mortgage agreement

5. And a full legal description of the property

(C)  The Plaintiff accepted, signed, returned, and paid consideration on the New Loan / Mortgage agreement.

(D)  The Defendant accepted consideration paid by the Plaintiff on the new Loan / Mortgage agreement.

(E)  Neither the Defendant or the Plaintiff make claim to mental defect or insanity.

(F)  Neither the Defendant or the Plaintiff have represented that they are not of legal age of majority.

## SECOND CLAIM

## NO  DEFICIENCIES BY PLAINTIFF, UNDER THE NEW LOAN / MORTGAGE

Plaintiff herein states: FACTS NOT IN DISPUTE  1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

(A)     At no time prior to the upcoming foreclosure sale did the Defendant, in good faith and with clean hands, send any form of accounting to the Plaintiff for the payments made under the new Loan / Mortgage.

(B)     At no time prior, did the Defendant, in good faith and with clean hands, notify the Plaintiff of any deficiency by the Plaintiff under the New Loan / Modification.

(C)     At all times, since the new Loan / Mortgage agreement, the Plaintiff was current with ALL payments requested by the Defendant.

## THIRD CLAIM

## DEFENDANT'S FAILED TO RECORD NEW LOAN / MORTGAGE AGREEMENT

9

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

Defendant did not record, or cause to be recorded, the New Loan / Mortgage agreement.

## FOURTH CLAIM

## PLAINTIFF AT ALL TIMES ACTED IN "GOOD FAITH" AND WITH CLEAN HANDS

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

(A)  Plaintiff at all times, from 2008 to 2011, kept current with all payment(s) requested by the Defendant.

(B) Plaintiff allowed Defendant to re-submit loan modification application when Defendant initially reported their error to Plaintiff.

(C)  Plaintiff later re-submitted the loan modification application, to assist the Defendant in correcting their error(s).

(D) Plaintiff notified the Defendant multiple times of the Defendant's multiple errors.

(E)  At all times, the Plaintiff was willing to assist the Defendant in securing their new loan / mortgage agreement.

(F)  At all times, the Plaintiff was amenable to accepting a reasonable alternative  (i.e. another modified Loan / Mortgage agreement) to the new loan / mortgage agreement which the Defendant allegedly 'keyed in wrong'

## FIFTH CLAIM

## DEFENDANT BREACHED THE NEW LOAN / MORTGAGE AGREEMEN

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

**A.**  At no time was the Plaintiff in any actual deficiency of the New Loan / Mortgage

B.   The Defendant unilaterally and without proper procedure, both in law and in equity, defaulted on the New Loan / Mortgage agreement by returning payment made and refusing to accept further payment(s) from the Plaintiff.

C.  The Defendant, by taking the following actions, unilaterally, unlawfully and without merit or foundation in Contract Law, statute or Case Law, breached the new Loan / Mortgage agreement.

i.    On or around February / March 2011, The Defendant returned the certified bank check the Plaintiff submitted to the Defendant for the February 2011 monthly payment.

ii.    On or around February / March 2011, the Defendant informed the Plaintiff that the Defendant would no longer accept payment from the Plaintiff, in any form.

iii.    On or around February / March 2011, the Defendant informed the Plaintiff that the Defendant would begin foreclosure proceedings.

iv.    On or around February / March 2011 Defendant again informed the Plaintiff that no payments made by the Plaintiff had been credited or applied to any mortgage, new or old.

v.    On or around February / March 2011 Defendant informed the Plaintiff that no refund of said payments would be paid by the Defendant

vi.    On or around February / March 2011 Defendant again informed the Plaintiff that the Defendant, in fact, had no record of any payments made from 2008 to 2011.

vii.    On or around February / March 2011 Defendant informed the Plaintiff that the Defendant had 'no record' of the new Loan / Mortgage agreement and would not honor said agreement.

D.  The Defendant, not the Plaintiff, defaulted on the terms and conditions of the new Loan /
Mortgage agreement.

## SIXTH CLAIM

### FAILURE TO SECURE NEW LOAN / MORTGAGE AGREEMENT

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH
WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

Defendant, failed to record, or cause to be recorded, the New Loan / Mortgage Agreement,
thus failing to secure the debt.

## SEVENTH CLAIM

### DEFENDANT'S CLAIM WAS UNSECURED DEBT

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH
WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

By failing to record the new Loan / Mortgage agreement, The Defendant did not have a
secured Loan debt, or Mortgage obligation against the Locus, at the time of the Plaintiff

sought Chapter 7 Bankruptcy protection (filing on or around April 2011), and up to the time

the Plaintiff received a Chapter 7 Discharge (September 22, 2011).

## EIGTH CLAIM

## UNSECURED DEBT(s) WERE DISHCHARGED UNDER CHAPTER 7.

Plaintiff herein states: FACTS NOT IN DISPUTE  1-25, Section IV, AS THOUGH

WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

The New Loan / Mortgage agreement was an unsecured debt with no mortgage of record, and

as such, was discharged under Chapter 7, on September 22, 2011.

## NINTH CLAIM

## DEFENDANT DOES NOT NOW HOLD DEBT OR MORTGAGE INSTRUMENT

Plaintiff herein states: FACTS NOT IN DISPUTE  1-25, Section IV, AS THOUGH

WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

The Defendant does not now hold a valid Loan / Mortgage Agreement or Mortgage

instrument of any kind against the Locus, or a debt against the Plaintiff of any nature.

## TENTH CLAIM

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

A.  By failing to account for, apply, credit, or refund payments made by the Plaintiff from 2008 to 2011 and acting on & serving notice(s) on the older and invalid mortgage and not on the New Loan / Mortgage agreement, all notice(s) and actions taken were were invalid under M.G.L. 244,s.14.

**B.**  The Defendant was in violation of, and / or was not meeting the statutory requirements of, M.G.L. 244, s. 14.

C.  The Defendant failed to act in complete transparency under M.G.L. 244, s. 14.

## ELEVENTH CLAIM

Plaintiff herein states: FACTS NOT IN DISPUTE   1-25, Section IV, AS THOUGH WRITTEN IN ITS ENTIRETY HEREIN.  Specifically, Plaintiff claims and affirms that:

Failing to 'strictly comply with' applicable statute(s), The Defendant, their agents and named Co-Defendant(s) are **NOT ACTING UNDER 'POWER OF SALE'.**

## TWELFTH CLAIM

## UNLAWFUL ACTIVITY & BUSINESS PRACTICE

The Defendant, their agents and Co-Defendants, being served and made fully aware of the

facts; including but not limited to the invalidity of the Defendant's present claim of debt /

mortgage,

AND …

1. FAILING TO: correct, stop or postpone, the ongoing foreclosure action(s)

2. FAILING TO: Honor the new Loan / Mortgage agreement

3. FAILING TO: Apply the GOOD FAITH payments made by the Plaintiff to any loan

   obligation, or make GOOD FAITH attempt to remedy this error

4. FAILING TO: Account for monies received under those payments made by the

   Plaintiff

5. FAILING TO: Refund monies collected from the Plaintiff

6. FAILING TO: Acknowledge the authority of the Federal Bankruptcy Chapter 7

   Discharge

7. FAILING TO: Have a valid debt obligation or mortgage instrument of any kind on

   record,

8. FAILING TO: Adhere to, or follow, applicable statute

9. FAILING TO: Act under statutory mandates governing "Power of Sale"

10. FAILING TO: Act under "Power of Sale"

11. And; attempting to seize the Locus with no basis in Contract Law, Law or Equity,

Became actively and consciously engaged in multiple violations of Criminal Statutes;

including, but not limited to those governing FRAUD AND THEFT.

### THIRTEENTH  CLAIM

### MULTIPLE VIOLATIONS OF M.G.L. 244, s. 14 and M.G.L. 93(a)(2&9)

The Plaintiff asserts & claims that: The Defendant has engaged, and is presently

engaging, in MULTIPLE VIOLATIONS OF M.G.L. 244,s.14 and M.G.L.

93(a)(2&9) including, but not limited to the following acts & deeds :

 (i)  Failure to apply, account for, or escrow payments made from 2008 to 2011

 (ii)  Failure to refund same

 (iii)  Failure to correct error(s) or make GOOD FAITH attempts to do so.

 (iv)  Ignoring, as though a nonexistent Covenant, the New Loan / Mortgage
    Agreement.

 (v)  Unilaterally and unlawfully attempting to void the New Loan / Mortgage
    Agreement by returning the February 2011 GOOD FAITH certified bank
    check payment made by the Plaintiff,

 (vi)  Unilaterally refusing any and all future payments from the Plaintiff

 (vii)  Rejecting Plaintiff's multiple acts of GOOD FAITH, to assist the
    Defendant in correcting the Defendant's mistake(s).

 (viii) Failure to record New Loan / Mortgage agreement

 (ix)  Failure to abide by the Federal Bankruptcy's Chapter 7 Discharge of
    unsecured debt(s)

 (x)  Failure to 'strictly comply with' M.G.L. 244,s. 14 for which there is over

146 years of Case Law directly on point.

(xi)     Failure to follow applicable statute(s) governing "POWER OF SALE"

(xii)    Failure to act under "POWER OF SALE"

(xiii)   Repeated and determined attempts to unlawfully and illegally seize the Locus, on which the Defendant(s) do not now hold a Mortgage Instrument of any kind.

(xiv)   Defendant and ALL Co-Defendants, Being made aware of the fact stated in xiii above, continued, and are continuing; to proceed with a foreclosure sale / auction

(xv)    Failure to act in GOOD FAITH or WITH CLEAN HANDS to stop, or at least postpone, said foreclosure action.

(xvi)   Failure to act under 'POWER OF SALE", and without a valid Loan, Mortgage or Mortgage instrument or valid debt of any kind, engaging in FRAUD, DECEPTION, and multiple violations of applicable Criminal statutes.

(xvii)  Failure to end the unlawful foreclosure action and to seize the Locus, the Defendant(s) continue to engage in Acts of Fraud and multiple violations of the applicable Criminal statutes.

# VIII  DAMAGES

Plaintiff asserts and claims that:  The Plaintiff has suffered damages as a direct result of the

action(s) and inaction(s) of the Defendant(s) and will suffer irreparable harm if the

Defendant(s) prove successful in their foreclosure action(s).

1.      Loss of capital improvements and investment capital,

                                        DAMAGES:$ 165,000.00

2.      Inability to get conventional financing for additional purchases of properties for the
remaining duration of the Plaintiff(s)' lifetime.   F.D.I.C. members are prohibited from
lending to anyone who has ever defaulted on a F.D.I.C. loan.  Estimated lifetime damages, in
excess of 10 million dollars.             DAMAGES: $ 10,000,000.00

3.      Loss of Monthly income from the Locus

        Damages 1st yr $ 4,150.00 per month / Annual $ 49,800.00 /

        10yrs   $  6,032,587.00

        20 yrs  $ 13,550,587.00

        30 yrs  $ 25,790,490.00                DAMAGES $ 25,790,490.00

                                Total Damages: $ 35,955,490.00

## IX  PRAYERS

WHEREFORE, the Plaintiff(s) prays this Honorable Court:

1. Stop any foreclosure action(s) by the Defendant(s) and / or rescind any foreclosure sale,

 as a matter of law, M.G.L.c. 244, s. 14.

2.  To grant judgment for the Plaintiff(s) and award damages, for costs; including but not

limited to, attorney's fees, plus interest, on the basis of the Unfair & Deceptive business

practices engaged in by the Defendant(s) under M.G.L.c. 93-a.

3.  Grant judgment for the Plaintiff(s) and award damages, of: $165,000.00

4.  Grant judgment for the Plaintiff(s) and award damages, of: $10,000,000.00

5.  Grant judgment for the Plaintiff and award damages, of:$ 10,000,000.00

6.  Grant judgment for the Plaintiff and award damages, of: $ 25,790,490.00

7.  Grant judgment for the Plaintiff and award damages, in the aggregate or

individually, or any combination thereof, of the before state damages.

8.  Grant judgment for the Plaintiff and award damages, in the aggregate or

individually, or any combination thereof, of the before stated damages under M.G.L. 93-a.

9.  Grant to the Plaintiff whatever further relief this court deems just and proper.

**PLAINTIFF(s) DEMANDS TRIAL BY JURY.**

VERIFICATION

Dated:                 , 2011

Larry Loew hereby states:

1. I am the Trustee of Record for 6 & 8 Nahant Avenue Trust.

2. I have read the foregoing complaint, which I declare to be true and correct to the best of my knowledge, information and belief.


     Respectfully Submitted under pains and penalties of perjury this _____ of December
2011

     by Plaintiff(s),

_____          _____

     Larry Loew

     237 Chestnut Hill Avenue

     Brighton, Ma 02135

     Tel 617-823-2042 / Fax 617-307-7070 / e mail lloew@me.com

## 1184CV04704 Loew v Citimortgage Inc et al

| | | | |
|---|---|---|---|
| Case Type | Administrative Civil Actions | Initiating Action: | Other Administrative Action |
| Case Status | Closed | Status Date: | 02/07/2014 |
| File Date | 12/27/2011 | Case Judge: | |
| DCM Track: | X - Accelerated | Next Event: | |

| All Information | Party | Event | Docket | Disposition |
|---|---|---|---|---|

## Party Information

**Loew, Larry - Plaintiff**

**Alias**

| Party Attorney |
|---|

More Party Information

**Citimortgage Inc - Defendant**

**Alias**

**Party Attorney**
| | |
|---|---|
| Attorney | Farside, Esq., Joseph A |
| Bar Code | 667187 |
| Address | Locke Lord LLP |
| | 2800 Financial Plaza |
| | Providence, RI  02903 |
| Phone Number | (401)455-7648 |
| Attorney | McHugh, Esq., Kurt |
| Bar Code | 654835 |
| Address | Harmon Law Offices, PC |
| | 150 California St |
| | Newton, MA  02458 |
| Phone Number | (617)558-8435 |

More Party Information

**Harmon Law - Defendant**

**Alias**

**Party Attorney**
| | |
|---|---|
| Attorney | McHugh, Esq., Kurt |
| Bar Code | 654835 |
| Address | Harmon Law Offices, PC |
| | 150 California St |
| | Newton, MA  02458 |
| Phone Number | (617)558-8435 |

More Party Information

**Irving Schectman & Co Inc - Defendant**

**Alias**

| Party Attorney |
|---|

More Party Information

## Events

| Date | Session | Locati... | | Event Judge | Result |
|---|---|---|---|---|---|
| 12/28/2011 10:00 AM | Civil G | | | | Held as Scheduled |

**EXHIBIT B**

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 02/21/2012 02:00 PM | Civil D | | Hearing | | Rescheduled |
| 02/23/2012 02:30 PM | Civil D | | Hearing | | Held as Scheduled |
| 03/20/2012 02:00 PM | Civil D | | Hearing | | Rescheduled |
| 04/17/2012 03:00 PM | Civil D | | Status Review | | Held as Scheduled |
| 05/16/2013 02:00 PM | Civil D | | Post-Judgment Hearing | | Held as Scheduled |
| 07/09/2013 02:00 PM | Civil D | | Rule 56 Hearing | | Held as Scheduled |
| 07/16/2013 11:00 AM | Civil D | | Status Review | | Held as Scheduled |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|-------------|-------------|---------------|
| 12/27/2011 | Affidavit of Indigency DENIED.(McIntyre, Justice). Notices mailed 12/27/2011 | 1 |
| 12/27/2011 | Origin 1, Type E99, Track X. | |
| 12/27/2011 | Complaint | 2 |
| 12/27/2011 | Civil action cover sheet filed(n/a) | 3 |
| 12/27/2011 | Plaintiff Larry Loew's Emergency MOTION for Injunctive Relief | 4 |
| 12/29/2011 | Complaint (P#2) DENIED. Foreclosure has been cancelled. This issue is before the Banckruptcy Court in Boston (Feeny, J) #11-20046, where it should be litigated. The further date is to decide if this case should be dismissed as duplication of the bankruptcy action. (Frances McIntyre, Justice) (entered 12/28/11) notices mailed 12/29/11 | |
| 02/21/2012 | Defendant Citimortgage Inc's MOTION to extend time for to respond to the complaint w/o opposition | 5 |
| 02/21/2012 | Request upon clerk to default (55a) re: Citimortgage Inc & Harmon Law by Larry Loew | 6 |
| 02/21/2012 | SERVICE RETURNED: Harmon Law(Defendant) (in hand) | 7 |
| 02/21/2012 | SERVICE RETURNED (summons): Citimortgage Inc, service made on 1/6/2012 (incomplete) | 8 |
| 02/23/2012 | Plaintiff Larry Loew's MOTION in opposition to extend deft(s) time to respond to complaint | 9 |
| 03/02/2012 | Motion (P#5) ALLOWED subject to any opposition filed within 10 days of this date of this order (Geraldine S. Hines, Justice) Notices mailed 3/1/12 (entered 3/1/12) | |
| 03/09/2012 | Defendant Harmon Law's MOTION to Dismiss (MRCP 12b) Complaint of Larry Loew w/o opposition | 10 |
| 03/19/2012 | Defendant Citimortgage Inc's Assented to MOTION to continue status hearing scheduled for March 20, 2012 | 11 |
| 03/20/2012 | Plaintiff Larry Loew's MOTION to continue status hearing scheduled for March 20, 2012 (w/o opposition) | 12 |
| 03/21/2012 | Defendant Citimortgage Inc's Second MOTION to extend time to respond to Complaint until April 4, 2012 (w/o opposition) | 13 |
| 03/26/2012 | Motion (P#12) ALLOWED (Geraldine S. Hines, Justice) Dated 3/23/12 Notices mailed 3/26/2012 | |
| 03/26/2012 | Motion (P#11) ALLOWED (Geraldine S. Hines, Justice) Notices mailed 3/26/2012 dated 3/23/12 | |
| 03/29/2012 | Motion (P#13) ALLOWED (Geraldine S. Hines, Justice) Notices mailed 3/29/2012 (entered 3/27/12) | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 04/04/2012 | ANSWER: Citimortgage Inc(Defendant) | 14 |
| 04/17/2012 | ORDER OF DISMISSAL re: Irving Schectman & Co Inc (w/o prejudice; service not complete by 1-88 deadline). Copies mailed. | 15 |
| 04/17/2012 | Case status changed to 'Needs review for answers' at service deadline review | |
| 07/18/2012 | MOTION of Michael T Grant to withdraw as counsel of record for Citimortgage Inc | 16 |
| 07/23/2012 | Motion (P#16) ALLOWED (Jeffrey A. Locke, Justice) Notices mailed 7/20/2012 | |
| 01/29/2013 | Citimortgage Inc notice of motion | |
| 03/01/2013 | Defendant CitiMortgage Inc's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, as to all claims of Plaintiff Larry Loew's Complaint (w/o opposition) | 17 |
| 03/15/2013 | Motion (P#10) The within motion which had not previously been acted on, is hereby ALLOWED (Bonnie H. MacLeod, Justice) Dated 3/11/13 Notices mailed 3/15/2013 | |
| 03/15/2013 | Motion (P#17) Upon review of the within motion for summary judgment and all submissions therewith, no responsive pleading by way of opposition having been filed, the within motion is ALLOWED as to all of plaintiff's claims and judgment is to enter accordingly. (Bonnie H. MacLeod, Justice) Dated 3/11/13 Notices mailed 3/15/2013 | |
| 03/15/2013 | Plaintiff Larry Loew's MOTION for Hearing to address Defendant's motion for summary judgment (w/o opposition) | 18 |
| 03/18/2013 | SUMMARY JUDGMENT (56) That the complaint of plff is hereby Dismissed against the deft Citimortgage Inc entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 19 |
| 03/18/2013 | JUDGMENT ON MOTION TO DISMISS (MASS R CIV P 12(b) That the complaint of plff is ehreby Dismissed against the deft Harmon Law entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 20 |
| 03/26/2013 | Motion (P#18) DENIED. The plff utterly failed to follow the rules relative to summary judgment and seeks relief only after the matter was heard. (of which hearing he failed to appear) (Bonnie H. MacLeod, Justice) Notices mailed 3/25/2013 (entered 3/20/13) | |
| 04/08/2013 | Plaintiff Larry Loew's MOTION to vacate summary jdugment in favor of defts made on or around 3/11/13 (w/o opposition) | 21 |
| 04/10/2013 | Objection to Plaintiff's motion to vacate judgment for Plaintiff's failure to comply with Rule 9A filed by Citimortgage Inc | 22 |
| 05/06/2013 | Opposition to plaintiff's Motion to vacate judgment filed by Citimortgage Inc | 23 |
| 05/20/2013 | Motion (P#18) After hearing the prior order of 3/20/13 Vacated the Allowance of the dispositive Rule 56 motion is vacated without prejudice The matter is set down for hearing on 7/9/13 at 2 00 before Locke,J (or his designee Any further pleading relative to the rule 56 motion to be filed in the count under 9A by June 14,2013 (MacLeod,J) (entered 5/16/13) Notice Sent 3/25/13 (entered 5/16/13) | |
| 05/20/2013 | Motion (P#21) After hearing the prior order of 3/20/13 is vacated The allowance of the dispositive rule 56 motion is vacated without prejudice The matter is set down for hearing on 7/9/13 at 2:00 P M before Locke,J (or his designee) Any further pleading /motion relative to this rule 56 motion to be fled in Court under 9A by June 14, 2013 served on or before 5/31/13 (MacLeod,J) Notice Sent 5/20/13 (entered 5/15/13) | |
| 06/10/2013 | Defendant Citimortgage Inc's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, as to Larry Loew (w/opposition) | 24 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 06/19/2013 | Plaintiff Larry Loew's MOTION for leave duplicate recordings for 4/11/12; 2/23/12; 12/28/11; 3/11/13 & 3/16/13 (w/o opposition) | 25 |
| 06/24/2013 | ORDER P#25) Larry Loew shall be certified to take such action as and may be administratively necessay to obtain a copy (audio) of the hearing that occurred on these mattters on May 16,2013 (Kaplan,J) Notyice Sent 6/21/13 (entered 6/20/13) | |
| 06/24/2013 | Opposition to & motion to strike plff's motion for leave to supplecate recordings filed by Citimortgage Inc | 26 |
| 06/25/2013 | Defendant Citimortgage Inc's MOTION to vacate order dated 6/20/13 | 27 |
| 07/01/2013 | Motion (P#27) The within motion is DENIED. However, nothing in the court's (Kaplan, J.) allowance of the motion will permit the plaintiff to make any filings in derogation of this court's order that his submissions be filed by May 31, 2013. The matter will go forward as planned. (MacLeod, J) Dated 6/28/13 Notice sent 7/1/13 | |
| 07/11/2013 | Plff's Motion for Judicial Recusal & Denied Locke,J) Notice Sent | 28 |
| 08/09/2013 | Motion (P#24) ALLOWED. See Memo of Decision. (Jeffrey A. Locke, Justice) Dated 8/9/13 Notices mailed 8/9/2013 | |
| 08/09/2013 | MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT: ORDER - For the foregoing reasons, the defendant's motion for summary judgment is ALLOWED. (Jeffrey A. Locke, Justice). Dated: August 9, 2013 Copies mailed 8/9/13 (See P#29 for complete decision) | 29 |
| 08/09/2013 | SUMMARY JUDGMENT PURSUANT TO MASS R CIV P 56 That the complaint of plff is Dismissed against deft entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 30 |
| 09/09/2013 | Plaintiff Larry Loew's notice of appeal | 31 |
| 09/10/2013 | Notice to Justice Jeffrey Locke of the filing of Notice of Appeal | |
| 09/10/2013 | Notice of service of the filing of Notice of Appeal to: Larry Loew; Kurt R. McHugh, Esquire, Mark P. Harmon Law Offices; Joseph A. Farside, Jr., Esquire, Edward, Wildman, Palmer LLP; | |
| 01/06/2014 | Defendant Citimortgage Inc's MOTION to dismiss Larry Loew's appeal (w/o opposition) | 32 |
| 01/14/2014 | Motion (P#32) ALLOWED: Upon review and noting that plaintiff has failed to file an opposition under Rule 9A, motion is allowed (Jeffrey Locke, Justice) (entered 1/13/14) Notices mailed 1/14/2014 | |
| 01/21/2014 | JUDGMENT OF DISMISSAL That, per the grant of Summary Judgment in favor of the defts and the dismissal of plffs appeal of same the complaint of plff is thereby dismissed and Judgment of dismissal shalltenter entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 33 |
| 02/07/2014 | JUDGMENT(p#33) VACATED, entered inadvertently (Bonnie H. MacLeod, Justice) Notice sent 2/11/14 | |
| 02/07/2014 | CORRECTED JUDGMENT Judgment of Dismissal That, per the grant of Summary Judgment in favor of the defts and the dismissal of plffs appeal of same the complaint of plff is thereby dismissed and Judgement of Dismissal enters nunc pro tunc to Jan21, 2014 Judgment is hereby entered on the docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 34 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Dismissed | 02/07/2014 | |

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUFFOLK SUPERIOR COURT

CIVIL ACTION NO. 15- 2627 B

The 641 Beach Street Trust

And,

Gail Goldstein

And,

Larry Loew

    **Plaintiff(s)**,

V.

Green Tree Lending Services

And,

Harmon Law Inc.

    **Defendant(s)**.

**PLAINTIFF(s)'
VERIFIED
COMPLAINT**

---

<u>Summons & Complaint</u>

Be it known by all persons that:



1

## I N D E X

| I | INTRODUCTION | 4 |
|---|---|---|
| II | PARTIES | 4-5 |
| III | BACKGROUND | 5 |
| IV | FACTS FOR A JURY TO DECIDE | 6-7 |
| V | FACTS NOT IN DISPUTE | 7-14 |
| VI | CLAIMS | 15-46 |
| VIII | DAMAGES | 50-51 |
| IX | PRAYERS | 51-52 |
| X | VERIFICATION | |

## I  INTRODUCTION

Now comes the parties The 641 Beach Street Trust, Larry Loew, managing Trustee and

Gail Goldstein, Mortgagor, Mortgagor as Plaintiff(s), to address the court and make their

claims of (i) an improper and invalid foreclosure and foreclosure sale of 641 Beach

Street, Revere, Ma. 02151,   (ii) Unfair and Deceptive business practices and

misrepresentations by Defendant(s) and; (iii) damages resulting thereof.

## II PARTIES

| | |
|---|---|
| The 641 Beach Street Trust | c/o Trustee Larry Loew |
| | Book: 24635   Page:  136 Suffolk Registry of Deeds |
| | 237 Chestnut Hill Ave., Brighton, Ma. 02135 |
| Gail Goldstein - | Mortgagor,  Settlor |
| | 237 Chestnut Hill Ave., Brighton, Ma. 02135 |
| Larry Loew - | Managing Trustee of the Trust |
| | 237 Chestnut Hill Ave., Brighton, Ma. 02135 |
| Locus - | 641 Beach Street, Revere, Ma. 02151 |
| The Loan- | 1st mortgage on the Locus, 641 Beach St |
| Green Tree - | Mortgagee by purchase of debt and/or assignment |

GREEN TREE SERVICING, LLC

P.O.BOX # 6172

RAPID CITY, SD. 57709-6172

AND,

GREEN TREE LOSS MITIGATION, T214

7360 SOUTH KYRENE ROAD

TEMPE, AZ. 85283

AND CARE OR IT'S IN STATE LEGAL COUNSEL

HARMON LAW INC.

150 CALIFORNIA STREET

NEWTON, MA. 02458

HARMON LAW INC        150 CALIFORNIA STREET

NEWTON, MA. 02458


III    BACKGROUND


1.  Gail Goldstein, the mortgagor of 641 Beach Street, Revere, Ma. 02151 (the Locus),

and 643 Beach Street, Revere Ma. 02151 (it's sister mortgage), had filed and been

4

approved for a loan modifications for both the 641 Beach Street property and the 643

Beach Street property  by GMAC, the previous Mortgagee / Mortgage servicer.

2.  The servicing of both the 641 Beach Street Mortgage and 643 Beach Street Mortgage

had been 'sold' to Green Tree Lending Servicing.

3.  The Mortgagor was instructed by GMAC that both Loan Modifications had been

approved but that Green Tree Lending Services would be responsible for producing the

Loan Modification Agreements for both Mortgages.

4.  Green Tree Lending Services admitted to the Mortgagor that although they had the

Loan Modification for 643 Beach Street, they had "LOST" the loan modification for 641

Beach Street.  Please note, Green Tree never produced either loan modification.

5.  Green Tree Lending Services admitted to the Mortgagor that they had "LOST" about

half of the loan modifications transferred to them in the sale from GMAC to Green Tree

Lending Services.

6.   Green Tree Lending Services instructed the Mortgagor to re-submit the Loan Modification Application application to Green Tree Lending Services for 641 Beach Street and continue making the payments on the 643 Beach Street Loan Modification.

7.   Mortgagor re-submitted Loan Modification Application for 641 Beach Street which met all the criteria of said application as it's sister mortgage and property had.

8.   Mortgagor continued making payments on the Modified Loan for 643 Beach Street, keeping it current and in good standing.

9.   The first Loan Modification application was rejected by Green Tree Lending Services predicated on Green Tree Lending Services following mistakes

(i)   The Loan Modification application was processed as an "Owner Occupied" property, when clearly, in all forms submitted, had been submitted as an "Investor Property".

(ii)   641 Beach Street was appraised as a single condominium property with a market value of $250,000.00, (roughly the same value as the dollar amount of the mortgage), instead of the 4 unit apartment building which it was.

(iii)   The combined personal expenses of the Mortgagor was used as the Mortgagor's income, in Green Tree Lending Service's calculations.  Please note, no loan could be approved for any party when their personal expenses are listed as their income, and their income simply ignored.  It is a zero theorem.  The mortgagor's application income would fundamentally be zero, would always be zero, since the Mortgagor's income = the Mortgagor's personal expenses.

10.  Green Tree was contacted and admitted their errors to the Mortgagor.

11.  The Mortgagor re-submitted a second loan modification application.

12.  All necessary documents and evidence of income, along with the Mortgagor's explicit, written and verbal, instruction to Green Tree Lending Services that this was an application for an "Investor property".

13. At some point during this process, the Mortgagor / managing Trustee was informed that the Loan Modification had been approved and the Mortgagor began making the monthly payments on the new loan modification, keeping the Mortgage payments current as had been done with it's sister modified Mortgage on 643 Beach Street.  Those payments had been accepted by the Mortgagee / servicer, until, on or around, December 2013, when the Mortgagee's multiple mortgage payments were credited exclusively to 643 Beach Street and not to both 641 and 643 Beach Street, a mistake made by the Mortgagee / Servicer,  again placing the mortgage for 641 Beach Street in default.  This was a mistake made by the Mortgagee / Servicer, not the Mortgagor / managing Trustee.

14. The second loan modification was rejected, again for the stated reason that this was not an "owner occupied" property.

15. The Mortgagor / Managing Trustee contacted Green Tree and was told that this error should not have occurred.  The Mortgagor was told that Green Tree Lending Services internal application process should have automatically re-processed the application as an "investor property" when it failed to obtain an "Owner Occupied" modification.  Green

Tree offered no explanation as to why in both instances that procedure had not been followed.

15.  A third Loan Modification, again specifically identifying the property as an "Investor property" was submitted.

16.  Green Tree rejected the third loan modification again because the property was not "Owner Occupied".

17.  Mortgagor / Managing Trustee again contacted Green Tree but was told this time that there 'were no Investor Modification Programs' available.

18   Green Tree also admitted that they had, in all three instances, received internal memos which ordered the loan modification to be processed as an "Owner Occupied" property and not as an "Investor Property" and that these internal memos were the reason for the continued error(s) in processing the loan modification.

19.   Mortgagor / Managing Trustee obtained financing for the full amount of the

Mortgage in less than two weeks, a feat Green Tree Lending Services proved either

unable or unwilling to do.

20.   The Loan to value ration (first mortgage ~ $ 210,000.00 and the appraisal of the

property obtained by the potential new lender was ~ $550,000.00, and with a market

value given of $750,000.00 as stated in real estate market services) was sufficient to re-

finance the mortgage.

21.   Both the new potential Lender and the Mortgagor / Managing Trustee contacted

Green Tree Multiple times to obtain an accounting of the Mortgage and a pay off figure.

Both parties were told, multiple times by Green Tree representatives, that the accounting

of the mortgage would be calculated by Green Tree's legal firm, Harmon Law Inc and not

by Green Tree.

22.   Harmon Law provided no actual accounting, but did provide a payoff figure without

any supporting documentations or actual accounting, In July 2015, (with a foreclosure

auction date set for September 1, 2015) even though Harmon Law Inc had already filed

and begun foreclosure proceedings much earlier, even though by statute MGL 244, s 14, the Mortgagee / servicer were required to send this accounting in their initial.  Failure to adhere to MGL 244, s.14 is a fatal flaw in any foreclosure process which deems the foreclosure process a nullity in law and in fact.

23.  Green Tree Lending Services, since the intervention of Harmon Law, deferred all responsibility for accounting etc. to Harmon Law, divested itself of it's responsibilities as a Mortgagee / servicer, and relegated all matters to the absolute authority of Harmon Law Inc as though they were the investors of the Mortgage in question.

24.  Harmon Law Inc, itself has conducted itself as though it were the investor in fact.

25.  From all appearances, actions and facts, Green Tree is not a Mortgagee or a servicer for a Mortgagee, but is acting as a collection agency, incapable or unwilling to service the mortgage properly breaching all GOOD FAITH fiduciary obligations that the Mortgagee / servicer owes to the Mortgagor.

26. During the control of the mortgage servicing by Green Tree, the mortgage was not properly servied, i.e. the taxes were not paid, again going to Green Tree's role as a collection agency and not as a Mortgagee / servicer.

26. The debt was sold to Green Tree by GMAC and after receiving a Loan Modification from the Federal Government, at possibly a discounted price.  The unlawful foreclosure of the Locus would result in this discounted debt purchased by a collection agency or investor, receiving the full face value of the debt, resulting in a remarkable profit for the investor who purchased said discounted debt.  Purchase the debt at five cents on the dollar and foreclose on the debt to gain 100% on the dollar.

27. The foreclosure action(s) engaged in by Harmon Law Inc, violate over 150 years of case law on point regarding the fiduciary obligations of a Mortgagee to a Mortgagor.

29.    Green Tree, although it has collected on both the 641 Beach Street Loan Modification as well as the 643 Beach Street Loan Modification, has failed to produce the actual loan modification documents on either mortgage.

30. In May 2015 the Mortgagor called in the customary monthly payment, paying over the phone, for the 643 Beach Street mortgage, and was told the mortgage was in good standing. The Mortgagor was current in her payments.

31. June 2015, When the Mortgagor / managing Trustee called in the payment for the month of June, Green Tree refused payment and informed the Mortgagor / managing Trustee that (i) the loan was no longer current, (ii) an $8,000.00 special assessment had been made by Green Tree on this Mortgage which Green Tree could offer no explaination for, (iii) the last three mortgage payments made had been re-assessed to the payment of this special assessment, and that the (iv) the mortgage was no longer current.

32. In July 2015, and in concert with the foreclosure of 641 Beach Street, Green Tree informed the Mortgagor / managing Trustee that the previously current loan modificiation of 643 Beach Street had been cancelled by them, even though this mortgage had been successfully transferred from GMAC by Green Tree, the Mortgagor had been several years of payments on same even though Green Tree failed to ever produce said Loan Modification.

33.  Green Tree and it's associate(s) Harmon Law Inc. have engaged in a nefarious practice in which, failure to properly service the mortgage(s) in question is the least of their culpable deeds.

34.  Green Tree and it's associate(s) Harmon Law Inc have engaged in ruthless profiteering by improperly servicing mortgages due to their own admitted errors and mistakes, and are seeking to capitalize further by accepting payments from the Mortgagors, while seeking to foreclose gaining 100% on the dollar of the notes.

## IV       FACTS  TO BE DECIDED BY A JURY

These issues go to the heart of the Loan modification work out programs themselves.

1.     Are major Lenders, even after getting loan modifications, allowed to sell their notes to what, in essence, are collections agencies, without allowing the Mortgagor the benefit of the actual Loan Modification approved?

2.     Are the subsequent collection agency / purchasers of the discounted notes, then allowed to aggressively seek foreclosure either through gross incompetence, or worse, intentional acts and deeds?

14

3.      Are Mortgagee / servicers using the Loan Modification Work out programs to subvert the legislative intent of the statute (M.G.L.c.244, s.14), if not the statute itself?

## V    FACTS NOT IN DISPUTE

## AND COMPLAINTS

1.     Green Tree Lending Services failed to obtain the approved Loan Modification

from GMAC when it purchased, or otherwise caused to be transferred to them, the

mortgage of 641 Beach Street, the locus.

2.     Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when

it "LOST" the approved modified mortgage.

3.     Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee

servicer when it failed to process a new loan modification application submitted, when it

failed to understand that the personal expenses of the applicant was not the applicant's

income and ignored the income statements and supporting documentation, that the locus

was not an owner occupied property but an investor property, when it failed to appraise

the property as an apartment building instead appraising the property as a single

condominium.

3.     Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee

servicer when it failed to process a second loan modification application submitted, when

it again failed to process the loan modification application as an "investor property" but instead continued to process it as an "owner Occupied" modification.

4.      Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when it had informed the Mortgagor / managing Trustee that the loan modification had been approved, accepted payments, only to misapply payments made to them, on or around December 2013, and again placed the mortgage into default status.

5.  Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when it failed to process a third loan modification application again defaulting to an internal memorandum to process the application as an "Owner Occupied" property instead of the application submitted for a loan modification on an "Investor" property.

6.  Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee, when it failed to follow it's own internal process of automatically resubmitting an owner occupied loan application to its corrected status of an investor property.

7.  Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when it could not, or would not, offer an accounting of the mortgage even after multiple requests were made by the Mortgagor in violation of MGL 244, s14

8.  Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when it allocated it's responsibility to give an accurate accounting to the Mortgagor before, and even in the early stages, of its foreclosure process. MGL 244,s.14

9. Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when it relinquished all accounting and other responsibilities to it's legal associate(s) Harmon Law Inc.

10.  Green Tree Lending Services failed to operate as a Mortgagee or Mortgagee when, failing to produce the loan modification documentation on the Locus's sister mortgage, artificially placed it into default in June 2015, and unilaterally terminated the loan modification in July 2015, all in accord with its unlawful foreclosure actions on 641 Beach Street.

## COMPLAINTS

Introduction

When a Borrower enters into an agreement with a Lender, becoming Mortgagor and Mortgagee, there are certain contractual obligations and responsibilities placed on both parties, least of all being the minimum requirements under MGL 244, s.14.  When the

Mortgagee ceases to operate as a functional Mortgagee grossly fails in those obligations,

the Mortgagee, not the Mortgagor has breached the Mortgage

## 1. DEFENDANTS DO NOT HAVE A MORTGAGE ON THE LOCUS

"Losing it" is not the responsibility of the Mortgagor, but the fault of the

Mortgagee / servicer.


## 2.  DEFENDANTS HAVE BREACHED ANY AND ALL OBLIGATIONS AS MORTGEE.

In grossly failing to process additional loan modification applications, which

would make the Mortgagor whole to their mistake, DEFENDANTS

HAVE FAILED TO SERVICE THE MORTGAGE AS ANY LENDER

WOULD HAVE.

## 3.  DEFENDANTS ARE ACTING AS DEBT COLLECTOR ONLY, IN THE UNLAWFUL FORECLOSING ACTIONS THEY ARE NOW ENGAGED IN.

In it's collections actions, The DEFENDANTS have corrupted the servicing

of yet another loan, belonging to the Plaintiffs, which the DEFENDANTS

had always reported they were in possession of and which the Mortgagor

was always current in, throwing it into foreclosure concurrent with this first

mortgage.  This is a grossly unfair, deceptive and criminal collections action.

## VI    CLAIMS & TORTS

## CONVERSION

## Racketeering & Fraud  18USCs1961, 42 USCs1983

## VIII  DAMAGES

Plaintiff(s) assert and claim that:  PLAINTIFFS WILL suffer damages as a direct result

of the action(s) and inaction(s) of the Defendant(s).   Plaintiff(s) suffered the resulting

consequences of Foreclosure, including; but not limited to:

1.      Mortgage shortfall(s)

2.      Loss of additional property equity, (market value of property with improvements

($750,000.00) minus mortgage debts of ~ $225,000.)

Damages:$ _____

3.      To be amended at later date

**Total Damages: $**

## IX PRAYERS

WHEREFORE, the Plaintiff(s) prays this Honorable Court:

Find & Rule that

1. Defendants breached contract by LOSING the actual mortgage.

2. Defendants further breached contract by failing to make the Mortgagor whole by failing to perform even the most minimum servicing task of correctly processing additional loan modification applications.

3. Defendants further breached contract and their role as Mortgagee when they began a contrived and artificial foreclosure action on the Plaintiff's other Trust property, 643 Beach Street, the sister mortgage to 641 Beach Street.

4. And to order a CEASE & DESIST order for the Defendants from any further unlawful collections actions in this or any other court(s) of Law.

Failing that, Order an injunction against the Defendant's actions in this and any other court(s) of the Commonwealth.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK SUPERIOR COURT

RESTRAINING ORDER

RE: 641 BEACH STREET, REVERE, MA.

BOOK: 2 4635          PAGE: 136     SUFFOLK REGISTRY OF DEEDS

AND

643 BEACH STREET, REVERE, MA.

BOOK: 24635          PAGE: 068     SUFFOLK REGISTRY OF DEEDS

BY ORDER OF THE COURT, THE DEFENDANTS HARMON LAW INC AND GREEN TREE LENDING SERVICES INC. WILL REFRAIN FROM ANY FURTHER FORECLOSURE OR COLLECTION ACTIONS UNTIL AFTER TRIAL HAS BEEN CONDUCTED  OR ANY UPON ANY RELEASE AGREED TO BY PARTIES AND ENTERED INTO RULINGS/ORDERS OF THIS COURT.

PLAINTIFF(s) DEMAND TRIAL BY JURY.

VERIFICATION
Dated: AUGUST 31 , 2015

Larry Loew hereby states:
1. I was a Trustee of Record for 641 Beach Street Trust.
2. I have read the foregoing complaint, which I declare to be true and correct to the best of my knowledge, information and belief.

VERIFICATION
Dated: AUGUST 31, 2015

Gail Goldstein hereby states:
1. I was the mortgagor of Record for 641 Beach Street.
2. I have read the foregoing complaint, which I declare to be true and correct to the best of my knowledge, information and belief.

**PLAINTIFF(s) DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
by Plaintiff(s),

_____          _____
Larry Loew                                       Gail Goldstein

237 Chestnut Hill Avenue
Brighton, Ma 02135
Tel & Fax 617-307-7070

SUFFOLK, ss.   SUPERIOR COURT DEPT
(date) _____ Aug. 31, 2015
Notice ordered issued hereon returnable
at the Session Room 315
on Wed. Sept. 9, 2015 2:00
to show cause why a preliminary
injunction
should not be granted
By the Court, ( Giles , J.)
ATTEST:
Assistant Clerk

**COMMONWEALTH OF MASSACHUSETTS**

On  this 31'st_day of   August, 2015, before me, the undersigned notary public, personally appeared Larry Loew and Gail Godstein, who proved to me through satisfactory evidence of identification, which were their Massachusetts State Driver's Licenses , to be the person whose names are signed on the preceding or attached document, under pains and penalties of Perjury, and acknowledged to me that he signed it voluntarily for its states purpose.

Notary seal (if any)
X_____

24

## COMMONWEALTH OF MASSACHUSETTS
## THE SUPERIOR COURT

**SUFFOLK, ss.**                          **DOCKET No.15-CV-2627-B**

**641 BEACH STREET TRUST et al**

       *v.*

**GREEN TREE LENDING SERVICES AND HARMON LAW, INC.**

## MEMORANDUM OF DECISION AND ORDER

The defendant Harmon Law,. Inc. has filed a motion to dismiss, which has been well briefed by the parties.[1] The motion must be allowed for the following reasons:

1.  The plaintiffs first claim that Harmon Law, Inc. does not hold a mortgage on the locus; that is true, and always has been. Harmon Law, Inc. does not claim otherwise and never has. No entitlement to relief lies.

2.  The plaintiffs next claim that Harmon Law, Inc. breached its obligation to properly service their loan; but the defendant Harmon is not the servicing agent for the mortgage; it is only the foreclosure attorney. Thus, Harmon could not breach an obligation that it never had.

---

[1] The defendant law firm has filed a nine-page memorandum accompanied by six exhibits referred to in the complaint; the plaintiffs have filed 132 pages of opposition materials. Given the extensive briefing that has occurred, the Court finds the issues sufficiently crystallized such that oral argument is unnecessary. See. Superior Court Rule 9A (c )(3): "The denial of a request for a hearing [on a motion to dismiss] will be accompanied by a written statement of the reasons for the denial."

EXHIBIT
D

3. The plaintiffs claim that Harmon is a debt collector, but as neither the mortgagee nor loan serving agent, it never had conducted business as a debt collector. As Harmon argues, to the extent that the plaintiffs claim that it was a debt collector, they fail to allege that they meet the legal definition of a debt collector under the Fair Debt Collections Act, 15 U.S.C. sections 1692-1692p. There are no facts alleged in the complaint that Harmon's principal purpose is to collect a debt, and thus satisfy the federal statutory requirement. Indeed, Harmon has been found by another court not to be a debt collector when representing its client in foreclosure proceedings. *King v. Wells Fargo*, 2013 WL 1196664 (D. Mass.)

4. The plaintiffs' claims of conversion, racketeering and fraud, although titillating, are wholly unsupported by any facts in the complaint.

In this case, Harmon Law, Inc. is simply a law firm that provided legal representation. This is insufficient to support a claim against it, and thus, the plaintiffs' claims must be **DISMISSED.** *Galiastro v. MERS*, 467 Mass. 160 (2014).

## ORDER

For the following reasons, judgment shall enter forthwith dismissing the complaint against Harmon Law Office, Inc.

BY THE COURT,

**DENNIS J. CURRAN**
**Associate Justice**

July 6, 2016

NOTIFY

**17**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL DOCKET NO. SUCV2015-2627

**641 BEACH STREET TRUST  ET AL.,**
                    **Plaintiffs,**

**v.**

**GREEN TREE LENDING SERVICES AND
HARMON LAW, INC.,**
                    **Defendants.**

### FINAL JUDGMENT

        This action came on before the Court, Dennis Curran, Justice, presiding, and upon consideration of Defendants' Motions to Dismiss (Paper #'s 5 and 14)

        It is **ORDERED and ADJUDGED:**

        1.    The Defendant Harmon Law Offices' Motion to Dismiss having been **ALLOWED** on July 6, 2016 for the reasons stated in the Court's Memorandum of Decision and Order dated July, 6, 2016; and

        2.    The Defendant Green Tree Lending Services Motion to Dismiss having been **ALLOWED** on June 14, 2016 for the reasons advanced in the Defendant's Memorandum

        This case is **DISMISSED.**

Dated at Boston, Massachusetts this 21st day of September, 2016.

                                        Michael Joseph Donovan,
                                        Clerk of the Courts

Note Sent
9/23/16
KM

By: _Christine M Hays_
                                        Assistant Clerk

JUDGMENT ENTERED ON DOCKET_____9/23____2016
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P.58(a)
AND NOTICE SEND TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

## 1584CV02627 641 Beach Street Trust et al vs. Green Tree Lending Services et al

| | | | |
|---|---|---|---|
| Case Type | Real Property | Initiating Action: | Foreclosure of a Mortgage |
| Case Status | Open | Status Date: | 09/23/2016 |
| File Date | 08/31/2015 | Case Judge: | |
| DCM Track: | X - Accelerated | Next Event: | |

| All Information | Party | Event | Tickler | Docket | Disposition |
|---|---|---|---|---|---|

## Party Information

**641 Beach Street Trust - Plaintiff**

Alias

| Party Attorney |
|---|

More Party Information

**Loew, Larry - Plaintiff**

Alias

| Party Attorney | |
|---|---|
| Attorney | Pro Se |
| Bar Code | PROPER |
| Address | Phone Number |

More Party Information

**Goldstein, Gail - Plaintiff**

Alias

| Party Attorney |
|---|

More Party Information

**Green Tree Lending Services - Defendant**

Alias

| Party Attorney | |
|---|---|
| Attorney | Briansky, Esq., Richard E |
| Bar Code | 632709 |
| Address | McCarter & English LLP |
| | 265 Franklin St |
| | Boston, MA  02110 |
| Phone Number | (617)449-6568 |
| Attorney | McHugh, Esq., Kurt |
| Bar Code | 654835 |
| Address | Harmon Law Offices, PC |
| | 150 California St |
| | Newton, MA  02458 |
| Phone Number | (617)558-8435 |

More Party Information

**Harmon Law Inc - Defendant**

Alias

| Party Attorney | |
|---|---|
| Attorney | McHugh, Esq., Kurt |
| Bar Code | 654835 |

| Address | Harmon Law Offices, PC<br>150 California St<br>Newton, MA  02458 |
|---|---|
| Phone Number | (617)558-8435 |

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 09/09/2015 02:00 PM | Civil C | | Hearing on Order of Notice | | Held as Scheduled |
| 01/28/2016 02:00 PM | Civil B | BOS-3rd FL, CR 306 (SC) | Rule 12 Hearing | Ames, Hon. Mary K | Held as Scheduled |
| 01/28/2016 02:00 PM | Civil H | BOS-10th FL, CR 1015 (SC) | Rule 12 Hearing | Curran, Hon. Dennis J | Held - Under advisement |
| 02/23/2016 02:00 PM | Civil B | BOS-10th FL, CR 1015 (SC) | Rule 12 Hearing | Curran, Hon. Dennis J | Canceled |
| 06/14/2016 02:00 PM | Civil B | BOS-3rd FL, CR 306 (SC) | Rule 12 Hearing | | Not Held |
| 07/21/2016 02:00 PM | Civil B | BOS-3rd FL, CR 306 (SC) | Rule 12 Hearing | | Canceled |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 08/31/2015 | 11/29/2015 | 90 | 09/23/2016 |
| Judgment | 08/31/2015 | 08/25/2016 | 360 | 09/23/2016 |
| Under Advisement | 01/28/2016 | 02/27/2016 | 30 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 08/31/2015 | Complaint | 1 |
| 08/31/2015 | Origin 1, Type C04, Track X. | |
| 08/31/2015 | Civil action cover sheet filed (n/a) | 2 |
| 09/10/2015 | Plaintiff 641 Beach Street Trust's MOTION for immediate injunctive relief, filed on 8/31/14 & DENIED on 9/9/14 upon review and following a hearing. There being no demonstration of immediate and irreprable harm in the absence of equitable relief. This motion represents a dispute over mony ONLY, each party asserting ancestory financial rights under mortgage documentation and Plff.more substantially seeking relief in respect of its loan obligation as mortgagor. In the absence of harm that cannot be remadied by money. No Preliminary Injunctive may issue under Rule 65. (Robert Gordon, Justice) notices mailed 9/10/15 | 3 |
| 09/24/2015 | Defendant Harmon Law Inc's Notice of intent to file motion to dismiss | 4 |
| 10/14/2015 | Defendant Harmon Law Inc's  Motion to dismiss all counts<br><br>with Opposition | 5 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| | Applies To: Harmon Law Inc (Defendant) | |
| 12/24/2015 | Plaintiff 641 Beach Street Trust, Larry Loew, Gail Goldstein's  Motion for default judgment and motion for immediate Injunctive relief to be granted | 6 |
| 12/24/2015 | Defendant's Notice of intent to file motion Deft  Green  Tree  Servicing  LLC's  Notice  of  Motion  to  Dismiss | 7 |
| | Applies To: Green Tree Lending Services (Defendant) | |
| 12/28/2015 | Opposition to paper #6.0 Deft Green  Tree Servicing LLC's opposition to plffs Motion for  Default  Judgment filed by | 8 |
| | Applies To: Green Tree Lending Services (Defendant) | |
| 12/29/2015 | Event Result: The following event: Rule 12 Hearing scheduled for 01/28/2016 02:00 PM has been resulted as follows: Result: Held as Scheduled Reason: Transferred to another session | |
| 12/30/2015 | Endorsement on Motion for Default Judgment and for Immediate Injunctive Relief (#6.0): DENIED without prejudice for failure to comply with Superior Court Rule 9A (dated 12/18/15) notice sent 12/29/15 | |
| 01/13/2016 | Defendant Green Tree Lending Services's  Motion to dismiss all counts (w/o opposition) | 9 |
| 01/28/2016 | Plaintiff 641 Beach Street Trust, Larry Loew, Gail Goldstein's  Motion to strike exparte motion (s) as being insuffecient defenses & material non-responsive and immaterial MRCP 12F | 10 |
| 01/28/2016 | Matter taken under advisement The following event: Rule 12 Hearing scheduled for 01/28/2016 02:00 PM has been resulted as follows: Result: Held - Under advisement | |
| 02/04/2016 | Endorsement on Motion to strike defts' exparte motion(s) as being insuffecient defenses and material, non-responsive and immaterial Rules Civil Procedure Rule 12F (#10.0): DENIED after hearing, on 2/2/16 notices mailed 2/3/16 | |
| 02/18/2016 | Event Result: The following event: Rule 12 Hearing scheduled for 02/23/2016 02:00 PM has been resulted as follows: Result: Canceled Reason: By Court prior to date | |
| 04/01/2016 | Plaintiff 641 Beach Street Trust, Larry Loew, Gail Goldstein's  Motion in opposition to the Defendant Green Tree Servicing LLC's motion to dismiss under Mass. Proc. Rule 12(b0 (6) & Rule 8, and Superior Court Rule 9(a) | 11 |
| 04/01/2016 | Request for hearing filed | 12 |
| | Joint | |
| | Applies To: 641 Beach Street Trust (Plaintiff); Loew, Larry (Plaintiff); Goldstein, Gail (Plaintiff), Green Tree Lending Services (Defendant) | |
| 05/25/2016 | Plaintiff 641 Beach Street Trust, Larry Loew, Gail Goldstein's  Motion for Default Judgment to be Entered in Favor of the Plaintiff(s) and Motion for Immediate Injuctive Relief to be Granted (without oppositon) | 13 |
| 05/26/2016 | Endorsement on Motion for (#13 0): DENIED default  Judgment  without prejudice for failure  to  comply with  Superior  Court Rule 9A Notice Sent  5/31/16 | |
| 06/09/2016 | Event Result: The following event: Rule 12 Hearing scheduled for 06/14/2016 02:00 PM has been resulted as follows: Result: Not Held Reason: By Court prior to date | |
| 06/14/2016 | Defendant Green Tree Lending Services's  Motion to dismiss plff's  complaint ALLOWED For  the reasons advanced  in the deft's memorandum The  plff's opposition memorandum  is  unintelligible Notice  Sent 6/20/16 | 14 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 06/24/2016 | Larry Loew, Gail Goldstein's MOTION for reconsideration of Court Order dated 06/14/2016 re: paper #14.0.<br>to vacate allowance of dismissal | 15 |
| 07/06/2016 | Endorsement on Motion to dismiss (#5.0): Other action taken<br>See attached Memorandum of Decision and order  Notice sent 7/19/16 | |
| 07/06/2016 | Endorsement on Motion for (#15.0): DENIED<br>reconsideration  There is no need for a heraing  seeing the issues involved are quite simple and have<br>been well briefed  Notice sent 7/9/16 | |
| 07/06/2016 | MEMORANDUM & ORDER<br><br>Order  Judgment shall enter forthwith dismissing the complaint against Harmon Law Office Inc | 16 |
| 07/14/2016 | Event Result:<br>The following event: Rule 12 Hearing scheduled for 07/21/2016 02:00 PM has been resulted as follows:<br>Result: Canceled<br>Reason: By Court prior to date | |
| 09/23/2016 | FINAL JUDGMENT   1. The deft Harmon Law Offices motion to dismiss having been ALLOWED on July 6, 2016 for the reasons state in the Court's memorandum of Decision and Order dated July 6, 2016 and<br>2. The deft Green Tree Lending  Services Motion to DIsmiss having been ALLOWED on June 14, 2016 for the reaons advanced in the defts Memorandum  This Case is Dismissed  entered on docket pursuant to Mass  R Clv P 58(a) and notice sent to parties pursuant to Mass R Clv P 77(d) | 17 |
| 09/23/2016 | Disposed for statistical purposes | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Dismissed | 09/23/2016 | |

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

CIVIL DOCKET#: **SUCV2011-04704-D**

RE:   Loew v Citimortgage Inc et al

TO:   Kurt R McHugh, Esquire
      Harmon Law Offices (Mark P)
      P.O. Box 610389
      150 California Street
      Newton, MA 02458-0389

### NOTICE OF DOCKET ENTRY

You are hereby notified that on **01/06/2014** the following entry was made on the above referenced docket:

**Defendant Citimortgage Inc's MOTION to dismiss Larry Loew's appeal (w/o opposition)**
Dated at Boston, Massachusetts this 14th day of January, 2014.

Michael Joseph Donovan,
Clerk of the Courts

BY: Jane M. Mahon
Assistant Clerk

Telephone: 617-788-8110



Disabled individuals who need handicap                          contact the Administrative Office
of the Superior Court at (617) 788-8130

COMMONWEALTH OF MASSACHUSETTS                    **32**

Suffolk, ss.                              Superior Court
                                          Civil Action No. ~~13-3035E~~
                                          11-4704

LARRY LOEW,

                    Plaintiff,

          v.

CITIMORTGAGE, INC.;
HARMON LAW; IRVING
SCHECHTMAN & CO., INC.
                    Defendants.

NOTICE SENT
01.14.14
L.L.
H.TLAW
K.R.M.
E.W.P.
J.A.F.JR.

(LAD)

2014 JAN -6 AM 10: 55
CLERK MAGISTRATE

## CITIMORTGAGE, INC.'S MOTION TO DISMISS APPEAL

Defendant CitiMortgage, Inc. ("CMI") submits this Motion to Dismiss the appeal of

plaintiff Larry Loew ("Loew") on the grounds that he has failed to comply with *Mass. R. App. P.*

8 (b) (1) and *Mass. R. App. P.* 9 (c) (2).  In further support of this Motion, CMI submits the

accompanying Memorandum of Law.

                              CITIMORTGAGE, INC.
                              By its attorneys,


                              _____
                              Joseph A. Farside, Jr. (BBO # 667187)
                              EDWARDS WILDMAN PALMER LLP
                              2800 Financial Plaza
                              Providence, RI 02903
                              Tel: (401) 274-9200
                              Fax: (401) 276-6611
                              jfarside@edwardswildman.com

Dated:  December 2, 2013

*(handwritten margin notes):* Upon review and noting that plaintiff has failed to file an opposition under Rule 9A, motion is allowed. 1/13/14

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,SS.                        SUFFOLK SUPERIOR COURT

                                  CIVIL ACTION NO. SUCV2015-2627B

————————————————————— .
                                  *
                                  *
641 BEACH STREET TRUST,           *
                                  *
GAIL GOLDSTEIN AND LARRY LOEW
                                  *         PLAINTIFFS' MOTION
                                            IN OPPOSITION
          Plaintiff(s),           *
                                  *
V.                                *
                                  *
Green Tree Lending Services,      *
AND *Harmon Law Inc .             *
(Amended herein to read),         *
"*HARMON LAW OFFICES, PC"         *
                                  *
          Defendant(s).           *
                                  *
—————————————————————

Be it known by all persons that, in Law & in Equity:

OBJECTION TO DEFENDANT *HARMON LAW OFFICES LLP 12(B)(6)

MOTION

PLAINTIFFS REQUEST FOR HEARING ON DEFENDANTS' MOTION


 MEMORANDUM IN SUPPORT OF PLAINTIFFS' COMPLAINT NAMING

*HARMON LAW OFFICES LLP AS A DEFENDANT



## I  INTRODUCTION

Although the Plaintiffs' complaint is rooted in the fiduciary obligations of a Mortgagee / Servicer to a Mortgagor, the Plaintiffs' complaint is not limited to the action(s) taken by the Mortgagee / Servicer only, or their expressed inability to properly service a Modified Mortgage.

The Plaintiffs' complaint is not "*practically devoid of any concrete facatual allegations pertaining to Harmon*" as the Plaintiffs' complaint continues on to allege that *Harmon Law Offices, P.C. stepped into the role of the Mortgagee / Servicer, by becoming the party responsible for the accounting of this Mortgage and the party responsible to generate the pay off figure.  Responsibilities the Mortgagor / Servicer assumes under M.G.L.c.244, s.14.  The Plaintiffs further states that there were more than one witness to this fact.

Defendant *Harmon Law Offices LP defense and grounds for their 12(b)(6) motion of, to paraphrase,  "We are just following the orders of our Clients" falls short as a lawful defense, when *Harmon Law Offices LP itself has been contracted to act in the capacity of Principal (by being relegated as the party to do the accounting on the Mortgage).  The Mortgagee / Servicer's defense of , again paraphrased herein, "It's not us.  It is our attorneys who made the mistake" coupled

2

with that of the legal counsel being shielded as an independent contractor under

attorney-client privilege, leaves the asset owner, the Mortgagor, further befuddled

and confused as neither party is taking responsibility for these actions, yet both

parties reap the financial windfall of a successful foreclosure auction.  Neither

Green Tree as Mortgagee / Servicer or Harmon, as delegated party to give said

accounting,  actually gives the accounting to the Mortgagor as required by statute

on point (MGL c 244,s.14).

The Plaintiffs' complaint is not predicated on a mere parsing of words, nor is

it the product of some unreasonable belief that; if clever enough, they should not

have to make a mortgage payment ever again.

No.  The Plaintiffs' complaint is the reasonable and lawful complaint that

any Borrower would have with any Lender, who had been reimbursed fully by a

Federal Government funded Loan Modification Program (perhaps multiple times),

only then to "allege that they lost the modified Mortgage", express that they are

incapable of processing an additional modification application to make the

Borrower whole, and seeks, through the voice of their attorneys acting in their

lawful and statutory stead, a foreclosure action to convert a hard asset into cash.

"We Lost the modified Mortgage", "we will not give an accounting as required under MGL 244, s 14 our attorneys will do that", and; 'the attorneys are shielded by attorney-client privilege or work product' is not a proper or lawful defense to the Plaintiffs' complaint.

II      *HARMON LAW OFFICES P.C. as co-Defendant to the Plaintiffs' Complaint as preserved in the Complaint itself in clause(s) 18, 21 through 24.

18   Green Tree also admitted that they had, in all three instances, received internal memos which ordered the loan modification to be processed as an "Owner Occupied" property and not as an "Investor Property" and that these internal memos were the reason for the continued error(s) in processing the loan modification.

21.  Both the new potential Lender and the Mortgagor / Managing Trustee contacted Green Tree Multiple times to obtain an accounting of the Mortgage and a pay off figure.  Both parties were told, multiple times by Green Tree representatives, that the accounting of the mortgage would be calculated by Green Tree's legal firm, *Harmon Law Inc and not by Green Tree.

22.  *Harmon Law provided no actual accounting, but did provide a payoff figure without any supporting documentations or actual accounting, In July 2015, (with a foreclosure auction date set for September 1, 2015) even though *Harmon Law Inc had already filed and begun foreclosure proceedings much earlier, even though by statute MGL 244, s 14, the Mortgagee / servicer was required to send the Mortgagor this accounting in their initial actions under MGL 244, s. 14..  Failure to adhere to MGL 244, s.14 is a fatal flaw in any foreclosure process which deems the foreclosure process a nullity in law and in fact.

23.   Green Tree Lending Services, since the intervention of *Harmon Law, deferred all responsibility for accounting etc. to *Harmon Law, divested itself of it's responsibilities as a Mortgagee / servicer, and relegated all matters to the absolute authority of *Harmon Law Inc as though they were the investors of the Mortgage in question.

24.  *Harmon Law Inc, itself has conducted itself as though it were the investor in fact.

III      *HARMON LAW OFFICES P.C. as co-Defendant to the Plaintiff's

Complaint as both *HARMON LAW OFFICES P.C. as well as Green Tree

Lending Services Inc. are jointly running afoul of a very public FEDERAL COURT

ORDER. (see full Complaint & Federal Court Order as though written in full herein).

Federal Trade Commission and Consumer Financial Protection Bureau, v Green

Tree Servicing LLC, a Delaware limited liability company, Defendant, United

States District Court of Minnesota, Dkt # 15-cv-020664 (SRN-JSM)) :

**"IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, and employees,

and **all other persons in active concert or participation with any of them** (emphasis added),

who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

1. Defendant knows or reasonably should know that a consumer, at the time the consumer's loan was transferred to Defendant, was performing or previously completed performance under a trial or permanent loan modification with the prior servicer of the loan but Defendant continues to attempt collection from the consumer under The original, unmodified mortgage loan terms. Defendant reasonably should know that a consumer was performing or previously completed performance under a trial or permanent loan modification with a prior servicer once Defendant receives any information from the prior servicer, the consumer, or any other source substantiating that the consumer was performing or previously completed performance under a trial or permanent loan modification; or

2. Defendant knows or reasonably should know that the information for the account is facially unreliable, materially inaccurate, or missing material information, but Defendant continues to attempt collection on the account without commencing and completing an investigation regarding the account.

3. Nothing in this provision shall be interpreted to preclude Defendant from accurately representing for informational purposes contractual amounts that

remain due and owing until a permanent loan modification has been finalized, provided that such representation does not mislead a consumer regarding the amounts due under the modification.

B. Failing, after a consumer orally denies, disputes, or challenges Defendant's claim that the consumer owes a debt or owes a debt in the amount asserted to: (i) provide the consumer orally and contemporaneously with instructions for submitting the dispute in writing; and (ii) within 14 days of the consumer disputing Defendant's claim, provide the consumer clear and conspicuous written instructions on how to submit the dispute in writing; and

C. Failing, after a consumer denies, disputes, or challenges, in  writing, the Defendant's claim that the consumer owes the debt or owes the debt in the amount asserted, to: ....

Plaintiffs' would argue that every law firm, as Officer's of the Court, must

perform their own diligence in researching the validity of their clients' arguments

before presenting same in any Court of Law.  This very public complaint and Order

of the Court is available as part of the public court record, and as both are published

on the FEDERAL TRADE COMMISSION website https://www.ftc.gov/enforcement/cases-

proceedings/112-3008/green-tree-servicing-llc along with an opinion piece entitled,

Will a $63 million FTC-CFPB settlement encourage Green Tree to turn over a new leaf?
By: Lesley Fair l Apr 21, 2015 1:07PM
https://www.ftc.gov/news-events/blogs/business-blog/2015/04/will-63-million-ftc-cfpb-settlement-encourage-green-tree

IV      Plaintiffs cite New York v. Eno, 155 US 89, 15 S. CT. 30, 39 L. Ed. 80.

"The Obligation of state courts to give full effect to federal law is the same as that

of federal courts" and herein insert Order of the Court as though recorded in full

herein.  Plaintiffs maintains that this order of the Court is an equitable relief which

this Honorable Court may also grant the Plaintiff.


V      Plaintiffs cite both the Defendant's inability to meet the statutory

requirements of M.G.L. c. 244, s. 14, at the time of the Defendants initiating a

foreclosure action, as well as Constitutional Rights under both the Constitution of

the Commonwealth part the first, section 14 and the U.S. Constitutional provisions

of Due Process laws,  as supporting Plaintiffs' right(s) to trial.


VI     Neither Plaintiffs nor Defendants have gone through Discovery at this early

stage of Pleadings.  The Defendant Harmon has no actual knowledge of what

evidence the Plaintiffs may have against them individually, and therefore cannot

claim, at this juncture, that the Plaintiffs' lack sufficient factual evidence against

Harmon.  If all was known, or produced at the earliest filings, there would be no

need for Discovery for either Plaintiff or Defendant.  Insufficient evidence cannot

be now argued by the Defendant while the Defendant has yet to perform their due

diligence under Discovery.

VI      PRAYERS

1. To deny the Defendant, *Harmon Law Offices, P.C.'s 12-(b)(6) motion to be

dismissed as a party to the Plaintiff's complaint.

2. Failing the above, the Plaintiffs' respectfully request a Hearing on the

Defendant's motion.

**PLAINTIFF(s) DEMANDS TRIAL BY JURY.**

      Respectfully Submitted
      by Plaintiff(s),

_____          _____

    Larry Loew                       Gail Goldstein

    Both of: 237 Chestnut Hill Avenue, Brighton, Ma 02135 ,Tel & Fax 617-307-7070