UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LARRY LOEW et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 17-cv-12385-DJC |
| GREEN TREE SERVICING LLC et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                         **July 24, 2018**

## I.    Introduction

Plaintiff Larry Loew, along with several trusts of which he is the trustee, 641 Beach Street Trust, 643 Beach Trust, 6 and 8 Nahant Trust and 640 Beach Street Trust, and the beneficiary of those trusts, (collectively, "Plaintiffs") brings suit against Ditech Mortgage Corp., formerly known as Green Tree Servicing LLC ("Ditech"), Harmon Law Offices, P.C. ("Harmon"), CitiMortgage, Inc. ("CitiMortgage"), and HSBC Bank USA ("HSBC") (collectively, "Defendants"). D. 1. Each of the Defendants has moved to dismiss. D. 10; D. 14; D. 17; D. 19. Loew subsequently moved for a temporary restraining order and preliminary injunction. D. 29. The Court heard the parties on the motions and took the matters under advisement. D. 39. For reasons discussed below, the COURT ALLOWS the motions to dismiss, D. 10, 14, 17, 19, and DENIES as moot the motion for injunctive relief, D. 29.

1

## II. Factual Background

The Court accepts the following non-conclusory factual allegations in the complaint as true for the purposes of evaluating the motion to dismiss. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Loew is the trustee of the 641 Beach Street Trust, the 643 Beach Street Trust, the 6 and 8 Nahant Trust and the 640 Beach Street Trust. D. 1 ¶¶ 1-4. Each trust holds the property for which it named. D. 1 ¶¶ 1-4. Gail Goldstein is the beneficiary of each of the trusts. D. 1 ¶¶ 1-4. To the extent that the Court can discern, as the complaint is not a model of the clarity as required by Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), the complaint alleges that Ditech (known at the time as Green Tree Servicing LLC) breached a Stipulated Order for a Permanent Injunction and Monetary Judgment ("Stipulated Order") that it had entered into with the Federal Trade Commission and the Consumer Financial Protection Bureau on April 23, 2015, D. 1 ¶¶ 29-36, 65-82, and that the Defendants collectively violated the Real Estate Settlement Practices Act ("RESPA") by failing to respond properly to Loew's qualified written requests. D. 1 ¶¶ 38-63. The complaint makes reference to an earlier complaint that Loew filed against CitiMortgage and Harmon in Suffolk Superior Court, in which Loew alleged that CitiMortgage improperly rescinded a modification of his mortgage loan, and an earlier complaint that Loew had filed against HSBC, in which Loew alleged that HSBC wrongfully failed to modify Loew's mortgage loan. D. 1 ¶¶ 50, 62, 63.

## III. Discussion

Loew's *pro se* complaint "is to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). While *pro se* complaints must be read with an "extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), the burden remains on plaintiff

"to set forth plausible claims upon which relief may be granted and to provide sufficient notice to [Defendants] of [his] claims." Ghazarian v. American Home Mortg. Serv. Wells Fargo, No. 11-11277-PBS, 2013 WL 4411758, at *4 (D. Mass. July 18, 2013).

The complaint does not state factual allegations sufficient to state a claim for relief. With respect to the RESPA claims, to state a claim for relief based on a loan servicer's failure to respond properly to a qualified written request, a plaintiff must allege "(1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure," Okoye v. Bank of New York Mellon, No. CIV.A. 10-11563-DPW, 2011 WL 3269686, at *17 (D. Mass. July 28, 2011); see 12 U.S.C. § 2605(f)(1)(A), (B). A qualified written request is a communication that "include[s] a statement of reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 34 (D. Mass. 2014) (quoting 12 U.S.C. § 2605(e)(1)(B)).

Loew principally alleges in conclusory fashion that the Defendants failed to respond to his qualified written requests, providing a list of dates on which he alleges RESPA violations occurred. D. 1 ¶¶ 38-63. The only allegations containing any specifics are the allegations referencing the two earlier complaints filed by Loew in state court. D. 1 ¶¶ 50, 62, 63. To the extent, however, Loew means to re-assert the claims he brought in state court, those claims would be barred by res judicata. A claim is precluded under res judicata if there is "(1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits." Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir. 1999). CitiMortgage and HSBC have filed copies

3

of state court records, of which the Court may take judicial notice, indicating that the state court complaints referenced by Loew were litigated to final judgment on the merits favorable to the defendants and involved the same defendants involved in this suit. D. 18-1; D. 18-2; D. 20-1. See Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (holding that "dismissal for failure to state a claim does constitute a final judgment for res judicata purposes").

Even if res judicata did not apply here, Loew has not made any allegations regarding the contents of the communications sent to Defendants, so Loew has not sufficiently pled that those communications constituted qualified written requests within the meaning of RESPA. Moreover, Loew has not alleged any damages, actual or otherwise, that resulted from the Defendants' failure to comply with RESPA. Finally, at least some of Loew's claims appear to be barred by the statute of limitations. The statute of limitations for a RESPA claim under Section 2605 is three years from the date of the alleged violation. 12 U.S.C. § 2614; see Saade v. Pennymac Loan Servs., LLC, 15-12275-IT, 2016 WL 4582083, at *7 (D. Mass. August 31, 2016). The complaint was filed on December 8, 2017, so the RESPA claims related to communications occurring before December 8, 2014 are time-barred. D. 1 ¶¶ 40-43.

With respect to the counts asserting claims under the Stipulated Order, the complaint alleges no specific facts setting forth how Ditech breached the Stipulated Order. D. 1 ¶¶ 29-36, 65-82. Even a *pro se* complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," Griffin v. Me. Dep't of Corr., No. 1:15-CV-00519-GZS, 2016 WL 748947, at *1 (D. Me. Jan. 28, 2016), report and recommendation adopted, No. 1:15-CV-00519-GZS, 2016 WL 756466 (D. Me. Feb. 25, 2016) (quoting Young v. Wells Fargo, N.A., 717 F.3d 224, 231 (1st Cir. 2013)). Moreover, individual consumers lack standing to enforce the Stipulated Order. Fed. Trade Comm'n v. Green Tree Servicing LLC, No. 15-CV-2064

(SRN/SER), 2018 WL 614472, at *4 (D. Minn. Jan. 8, 2018), report and recommendation adopted sub nom. Fed. Trade Comm'n & Consumer Fin. Prot. Bureau v. Green Tree Servicing, LLC, No. 15CV2064, 2018 WL 614731 (D. Minn. Jan. 29, 2018).[1]

### IV. Conclusion

For the foregoing reasons, the Court ALLOWS the Defendants' motions to dismiss, D. 10, D. 14, D.17, D. 19. In light of this ruling, the Court DENIES Loew's motion for a temporary restraining order and preliminary injunction as moot. D. 29.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[1] Given that the Court grants the motions to dismiss for the aforementioned reasons, the Court need not address the other grounds for dismissal raised by the Defendants.